MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Joel C. Haims
James M. Peck
Erica J. Richards
Andreea R. Vasiliu
Yukiu Monica Chan

*Counsel to the Defendants and Third-Party Plaintiffs*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>BLUE DOG AT 399 INC.,<br><br>                Debtor. | Chapter 11<br><br>Case No. 15-10694 (MEW) |
| BLUE DOG AT 399 INC.,<br><br>                Plaintiff,<br>     -against-<br><br>SEYFARTH SHAW, LLP and<br>RALPH BERMAN,<br><br>                Defendants. | Adv. Proc. No. 19-01029<br><br>**ANSWER AND DEFENSES OF DEFENDANTS TO THE AMENDED ADVERSARY COMPLAINT AND THIRD-PARTY CLAIMS AGAINST ELIZABETH SLAVUTSKY, ROBERT POWELL, AND D&D FUNDING II, LLC** |
| SEYFARTH SHAW, LLP and<br>RALPH BERMAN,<br><br>                Third-Party Plaintiffs,<br>     -against-<br>ELIZABETH SLAVUTSKY, ROBERT POWELL,<br>and D&D FUNDING II, LLC,<br><br>                Third-Party Defendants. | |

Defendants Seyfarth Shaw, LLP ("Seyfarth") and Ralph Berman (collectively, with Seyfarth, "Defendants"), by and through their undersigned counsel and pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure, hereby submit this Answer and Defenses to the Amended Adversary Complaint, dated June 9, 2019 [Dkt. No. 10] (the "Amended Complaint"), filed by Plaintiff Blue Dog at 399 Inc. ("Plaintiff" or "Debtor") in the above-captioned adversary proceeding, and in support thereof state as follows:

## ANSWER

1.      Defendants admit the allegations in paragraph 1 of the Amended Complaint.

2.      Defendants admit that Plaintiff purports to bring a claim against Defendants for legal malpractice.  Defendants deny the remainder of the allegations in paragraph 2 of the Amended Complaint.

3.      The allegations in paragraph 3 of the Amended Complaint constitute legal conclusions as to which no response is required; to the extent a response is required, Defendants admit the allegations in paragraph 3 of the Amended Complaint.

4.      The allegations in paragraph 4 of the Amended Complaint constitute legal conclusions as to which no response is required; to the extent a response is required, Defendants deny the allegations in paragraph 4 of the Amended Complaint to the extent they allege this adversary proceeding is a case under title 11 or a core proceeding, and otherwise admit the allegations in paragraph 4 of the Amended Complaint.

5.      The allegations in paragraph 5 of the Amended Complaint constitute legal conclusions as to which no response is required; to the extent a response is required, Defendants deny the allegations in paragraph 5 of the Amended Complaint to the extent they allege this

2

adversary proceeding is a case under title 11, and otherwise admit the allegations in paragraph 5 of the Amended Complaint.

6.  The allegations in paragraph 6 of the Amended Complaint constitute legal conclusions as to which no response is required; to the extent a response is required, Defendants deny the allegations in paragraph 6 of the Amended Complaint to the extent they allege this adversary proceeding is a case under title 11 or a core proceeding, or that this Court has exclusive jurisdiction to hear this adversary proceeding, and otherwise admit the allegations in paragraph 6 of the Amended Complaint.

7.  The allegations in paragraph 7 of the Amended Complaint constitute legal conclusions as to which no response is required; to the extent a response is required, Defendants deny the allegations in paragraph 7 of the Amended Complaint to the extent they allege this adversary proceeding is a case under title 11 or a core proceeding, or that this Court has exclusive jurisdiction to hear this adversary proceeding.  To the extent the allegations in paragraph 7 of the Amended Complaint purport to summarize, quote from, or characterize a document, Defendants aver that the document speaks for itself and deny any characterization of that document that is inconsistent with its content or misleading for lack of context.

8.  The allegations in paragraph 8 of the Amended Complaint constitute legal conclusions as to which no response is required; to the extent a response is required, Defendants admit the allegations in paragraph 8 of the Amended Complaint solely as to the Debtor. Defendants do not consent to the entry of final orders or judgment by this Court.

9.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Amended Complaint and, on that basis, deny those allegations.

ny-1735402

10.    Defendants deny that Seyfarth Shaw, LLP is a New York limited liability partnership.  Defendants admit that Seyfarth Shaw LLP has a place of business located at 620 Eighth Avenue, New York, NY 10018-1405.  Defendants deny the remainder of the allegations in paragraph 10 of the Amended Complaint.

11.    Defendants admit the allegations in paragraph 11 of the Amended Complaint.

12.    To the extent the allegations in paragraph 12 of the Amended Complaint purport to summarize, quote from, or characterize a document, Defendants aver that the document speaks for itself and deny any characterization of that document that is inconsistent with its content or misleading for lack of context.  Defendants deny the remainder of the allegations in paragraph 12 of the Amended Complaint.

13.    To the extent the allegations in paragraph 13 of the Amended Complaint purport to summarize, quote from, or characterize a document, Defendants aver that the document speaks for itself and deny any characterization of that document that is inconsistent with its content or misleading for lack of context.  Defendants deny the remainder of the allegations in paragraph 13 of the Amended Complaint.

14.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Amended Complaint and, on that basis, deny those allegations.

15.    To the extent the allegations in paragraph 15 of the Amended Complaint purport to summarize, quote from, or characterize a document, Defendants aver that the document speaks for itself and deny any characterization of that document that is inconsistent with its content or misleading for lack of context.  Defendants deny the remainder of the allegations in paragraph 15 of the Amended Complaint.

4

16.    Defendants deny the allegations in paragraph 16 of the Amended Complaint.

17.    To the extent the allegations in paragraph 17 of the Amended Complaint purport to summarize, quote from, or characterize a document, Defendants aver that the document speaks for itself and deny any characterization of that document that is inconsistent with its content or misleading for lack of context.  Defendants deny the remainder of the allegations in paragraph 17 of the Amended Complaint.

18.    Defendants deny the allegations in paragraph 18 of the Amended Complaint.

19.    To the extent the allegations in paragraph 19 of the Amended Complaint purport to summarize, quote from, or characterize a document, Defendants aver that the document speaks for itself and deny any characterization of that document that is inconsistent with its content or misleading for lack of context.  Defendants deny the remainder of the allegations in paragraph 19 of the Amended Complaint.

20.    Defendants deny the allegations in paragraph 20 of the Amended Complaint.

21.    To the extent the allegations in paragraph 21 of the Amended Complaint purport to summarize, quote from, or characterize a document, Defendants aver that the document speaks for itself and deny any characterization of that document that is inconsistent with its content or misleading for lack of context.  Defendants deny the remainder of the allegations in paragraph 21 of the Amended Complaint.

22.    To the extent the allegations in paragraph 22 of the Amended Complaint purport to summarize, quote from, or characterize a document, Defendants aver that the document speaks for itself and deny any characterization of that document that is inconsistent with its content or misleading for lack of context.  Defendants deny the remainder of the allegations in paragraph 22 of the Amended Complaint.

ny-1735402

23.     To the extent the allegations in paragraph 23 of the Amended Complaint purport to summarize, quote from, or characterize a document, Defendants aver that the document speaks for itself and deny any characterization of that document that is inconsistent with its content or misleading for lack of context.  Defendants admit the remainder of the allegations in paragraph 23 of the Amended Complaint.

24.     To the extent the allegations in paragraph 24 of the Amended Complaint purport to summarize, quote from, or characterize a document, Defendants aver that the document speaks for itself and deny any characterization of that document that is inconsistent with its content or misleading for lack of context.  Defendants deny the remainder of the allegations in paragraph 24 of the Amended Complaint.

25.     To the extent the allegations in paragraph 25 of the Amended Complaint purport to summarize, quote from, or characterize a document, Defendants aver that the document speaks for itself and deny any characterization of that document that is inconsistent with its content or misleading for lack of context.  Defendants deny the remainder of the allegations in paragraph 25 of the Amended Complaint.

26.     To the extent the allegations in paragraph 26 of the Amended Complaint purport to summarize, quote from, or characterize a document, Defendants aver that the document speaks for itself and deny any characterization of that document that is inconsistent with its content or misleading for lack of context.  Defendants deny the remainder of the allegations in paragraph 26 of the Amended Complaint.

27.     To the extent the allegations in paragraph 27 of the Amended Complaint purport to summarize, quote from, or characterize a document, Defendants aver that the document speaks for itself and deny any characterization of that document that is inconsistent with its content or

6

misleading for lack of context. Defendants admit the allegations in paragraph 27 of the Amended Complaint.

28.     To the extent the allegations in paragraph 28 of the Amended Complaint purport to summarize, quote from, or characterize a document, Defendants aver that the document speaks for itself and deny any characterization of that document that is inconsistent with its content or misleading for lack of context. Defendants deny the allegations in paragraph 28 of the Amended Complaint.

29.     To the extent the allegations in paragraph 29 of the Amended Complaint purport to summarize, quote from, or characterize a document and statements made at a hearing, Defendants aver that the document and statements speak for themselves and deny any characterization of that document and those statements that is inconsistent with its content and those statements or misleading for lack of context. Defendants deny the remainder of the allegations in paragraph 29 of the Amended Complaint.

30.     To the extent the allegations in paragraph 30 of the Amended Complaint purport to summarize, quote from, or characterize a document, Defendants aver that the document speaks for itself and deny any characterization of that document that is inconsistent with its content or misleading for lack of context. Defendants deny the remainder of the allegations in paragraph 30 of the Amended Complaint.

31.     To the extent the allegations in paragraph 31 of the Amended Complaint purport to summarize, quote from, or characterize a document, Defendants aver that the document speaks for itself and deny any characterization of that document that is inconsistent with its content or misleading for lack of context. Defendants deny the remainder of the allegations in paragraph 31 of the Amended Complaint.

32.     To the extent the allegations in paragraph 32 of the Amended Complaint purport to summarize, quote from, or characterize a document, Defendants aver that the document speaks for itself and deny any characterization of that document that is inconsistent with its content or misleading for lack of context.  Defendants deny the remainder of the allegations in paragraph 32 of the Amended Complaint.

33.     Defendants deny the allegations in paragraph 33 of the Amended Complaint.

34.     To the extent the allegations in paragraph 34 of the Amended Complaint purport to summarize, quote from, or characterize a document, Defendants aver that the document speaks for itself and deny any characterization of that document that is inconsistent with its content or misleading for lack of context.  Defendants deny the remainder of the allegations in paragraph 34 of the Amended Complaint.

35.     To the extent the allegations in paragraph 35 of the Amended Complaint purport to summarize, quote from, or characterize a document, Defendants aver that the document speaks for itself and deny any characterization of that document that is inconsistent with its content or misleading for lack of context.  Defendants deny the remainder of the allegations in paragraph 35 of the Amended Complaint.

36.     To the extent the allegations in paragraph 36 of the Amended Complaint purport to summarize, quote from, or characterize a document, Defendants aver that the document speaks for itself and deny any characterization of that document that is inconsistent with its content or misleading for lack of context.  Defendants deny the remainder of the allegations in paragraph 36 of the Amended Complaint.

37.     To the extent the allegations in paragraph 37 of the Amended Complaint purport to summarize, quote from, or characterize a document and statements made at a hearing,

8

Defendants aver that the document and statements speak for themselves and deny any characterization of that document and those statements that is inconsistent with its content and those statements or misleading for lack of context. Defendants deny the remainder of the allegations in paragraph 37 of the Amended Complaint.

38.    Defendants deny the allegations in paragraph 38 of the Amended Complaint.

39.    To the extent the allegations in paragraph 39 of the Amended Complaint purport to summarize, quote from, or characterize a document, Defendants aver that the document speaks for itself and deny any characterization of that document that is inconsistent with its content or misleading for lack of context. Defendants admit the remainder of the allegations in paragraph 39 of the Amended Complaint.

40.    To the extent the allegations in paragraph 40 of the Amended Complaint purport to summarize, quote from, or characterize any documents, Defendants aver that the documents speak for themselves and deny any characterization of those documents that is inconsistent with their contents or misleading for lack of context. Defendants deny the remainder of the allegations in paragraph 40 of the Amended Complaint.

41.    To the extent the allegations in paragraph 41 of the Amended Complaint purport to summarize, quote from, or characterize a document and statements made at a hearing, Defendants aver that the document and statements speak for themselves and deny any characterization of that document and those statements that is inconsistent with its content and those statements or misleading for lack of context. Defendants deny the remainder of the allegations in paragraph 41 of the Amended Complaint.

42.    Defendants deny the allegations in paragraph 42 of the Amended Complaint.

43.    Defendants deny the allegations in paragraph 43 of the Amended Complaint.

ny-1735402

44.     Defendants deny the allegations in paragraph 44 of the Amended Complaint.

45.     Defendants deny the allegations in paragraph 45 of the Amended Complaint.

46.     Defendants deny the allegations in paragraph 46 of the Amended Complaint.

47.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 of the Amended Complaint to the extent they refer to Plaintiff's statement of mind and, on that basis, deny those allegations.  Defendants deny the remainder of the allegations in paragraph 47 of the Amended Complaint.

48.     Defendants deny the allegations in paragraph 48 of the Amended Complaint.

49.     Defendants deny the allegations in paragraph 49 of the Amended Complaint.

50.     Defendants deny the allegations in paragraph 50 of the Amended Complaint.

51.     To the extent the allegations in paragraph 51 of the Amended Complaint purport to summarize, quote from, or characterize any statements, Defendants aver that the statements speak for themselves and deny any characterization that is inconsistent with the statements or misleading for lack of context.  Defendants deny the remainder of the allegations in paragraph 51 of the Amended Complaint.

52.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 of the Amended Complaint to the extent they refer to Plaintiff's state of mind and, on that basis, deny those allegations.   Defendants deny the remainder of the allegations in paragraph 52 of the Amended Complaint.

53.     Defendants deny the allegations in paragraph 53 of the Amended Complaint.

54.     Defendants deny the allegations in paragraph 54 of the Amended Complaint.

55.     To the extent the allegations in paragraph 55 of the Amended Complaint purport to summarize, quote from, or characterize a document, Defendants aver that the document speaks

ny-1735402

for itself and deny any characterization of that document that is inconsistent with its content or misleading for lack of context.  Defendants deny the remainder of the allegations in paragraph 55 of the Amended Complaint.

56.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 of the Amended Complaint and, on that basis, deny those allegations.

57.    Defendants deny the allegations in paragraph 57 of the Amended Complaint.

58.    Defendants deny the allegations in paragraph 58 of the Amended Complaint.

59.    Defendants deny the allegations in paragraph 59 of the Amended Complaint.

60.    Defendants deny the allegations in paragraph 60 of the Amended Complaint.

61.    Defendants deny the allegations in paragraph 61 of the Amended Complaint.

62.    Defendants deny the allegations in paragraph 62 of the Amended Complaint.

63.    Defendants deny the allegations in paragraph 63 of the Amended Complaint.

64.    Defendants deny the allegations in paragraph 64 of the Amended Complaint.

65.    Answering paragraph 65 of the Amended Complaint, Defendants refer to and incorporate their answers to each and every allegation contained above as if fully set forth herein.

66.    The allegations in paragraph 66 of the Amended Complaint constitute legal conclusions as to which no response is required; to the extent a response is required, Defendants deny the allegations in paragraph 66 of the Amended Complaint.

67.    The allegations in paragraph 67 of the Amended Complaint constitute legal conclusions as to which no response is required; to the extent a response is required, Defendants deny the allegations in paragraph 67 of the Amended Complaint.

68.    Defendants deny the allegations in paragraph 68 of the Amended Complaint.

11

69.    Defendants deny the allegations in paragraph 69 of the Amended Complaint.

70.    Defendants deny the allegations in paragraph 70 of the Amended Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Without undertaking any burden of proof not otherwise assigned to them by law or equity, Defendants assert the following separate and affirmative defenses to the purported claim for relief alleged against them by Plaintiff.  All such defenses are pled in the alternative, do not constitute an admission of liability, and do not entitle Plaintiff to any relief whatsoever.

### FIRST DEFENSE

Plaintiff's Amended Complaint fails to allege facts sufficient to state a claim for relief.

### SECOND DEFENSE

Plaintiff's damages, if any, were not caused by Defendants, but by the acts or omission of Plaintiff or others, including Elizabeth Slavutsky and Robert Powell.

### THIRD DEFENSE

Defendants at all times acted consistent with their professional, ethical, and legal obligations as members of the Bar, and did not breach any duty of care to Plaintiff.

### FOURTH DEFENSE

Any loss or damage suffered by Plaintiff was the result of intervening or superseding cause or causes, for which Defendants are not responsible.

### FIFTH DEFENSE

Defendants were not the but-for cause of any loss or damage suffered by Plaintiff.

### SIXTH DEFENSE

Defendants were not the proximate cause of any loss or damage suffered by Plaintiff.

### SEVENTH DEFENSE

Defendants were not the factual cause of any loss or damage suffered by Plaintiff.

ny-1735402

## EIGHTH DEFENSE

Plaintiff has not suffered any damages.

## NINTH DEFENSE

Plaintiff has failed to allege facts sufficient to support a claim for attorney's fees or costs.

## TENTH DEFENSE

Plaintiff has failed to mitigate its damages.

## ELEVENTH DEFENSE

Plaintiff's claim is barred in whole or in part by the doctrine of consent.

## TWELFTH DEFENSE

Plaintiff's claim is barred in whole or in part by the doctrine of acquiescence.

## THIRTEENTH DEFENSE

Plaintiff's claim is barred in whole or in part by the doctrine of ratification.

## FOURTEENTH DEFENSE

Plaintiff's claim is barred in whole or in part by the doctrine of assumption of risk.

## FIFTEENTH DEFENSE

Plaintiff's claim is barred in whole or in part because Defendants followed their client's requested and approved legal strategy.

## SIXTEENTH DEFENSE

Plaintiff's claim and recovery are barred in whole or in part by virtue of its fault.

## SEVENTEENTH DEFENSE

Plaintiff's claim is barred by the equitable doctrines of laches, waiver, estoppel, and unclean hands.

## EIGHTEENTH DEFENSE

Plaintiff is estopped or otherwise barred from pursuing its claim and obtaining the relief it

13

seeks, by Plaintiff's wrongful and other conduct in connection with the matters at issue.

### NINETEENTH DEFENSE

Plaintiff's claim is barred by the doctrine of champerty as codified in N.Y. Judiciary Law § 489.

### TWENTIETH DEFENSE

Defendants object to the entry of final orders or judgment by the Court.

### TWENTY-FIRST DEFENSE

Defendants currently have insufficient knowledge or information upon which to form a belief as to the whether Defendants may have additional and yet unstated defenses available. Defendants, therefore, reserve the right to assert all other defenses that may be pertinent to the Amended Complaint and assert counterclaims and other claims once the precise nature of the Plaintiffs' claims are ascertained through discovery and investigation.

### PRAYER FOR RELIEF

WHEREFORE, Defendants seek judgment dismissing the Amended Complaint with prejudice and awarding costs and expenses to Defendants, including reasonable attorneys' fees, and such other and further relief as the Court deems just and proper.

14

## THIRD-PARTY CLAIMS

Pursuant to Rule 13(g) of the Federal Rules of Civil Procedure, Defendants Seyfarth Shaw, LLP ("Seyfarth") and Ralph Berman ("Berman"), for their third-party claims ("Third-Party Claims") against Elizabeth Slavutsky ("Slavutsky"), Robert Powell ("Powell"), and D&D Funding II, LLC ("D&D Funding"), allege as follows:

## PARTIES

1.      Seyfarth is an Illinois limited liability partnership with a place of business located at 620 Eighth Avenue, New York, NY 10018-1405.

2.      Berman is an individual residing in New York, New York. Berman is an attorney licensed to practice law in the State of New York.

3.      Upon information and belief, Slavutsky is an individual residing in New York, New York. Slavutsky was, at all times relevant herein, the principal of Plaintiff Blue Dog at 399 Inc. (the "Plaintiff" or "Debtor").

4.      Upon information and belief, Robert Powell is currently the authorized representative of 399 Park Holding, LLC, an entity that, as of a July 1, 2019 filing in this Court, claims 100% ownership of the Plaintiff. Upon information and belief, at all times relevant herein, Powell performed services for Plaintiff and was an advisor to and a representative of Plaintiff in connection with the Landlord Action. Upon information and belief, Powell served an 18-month prison sentence after pleading guilty in 2009 to felony counts of failing to report a felony and being an accessory to a conspiracy to commit income tax evasion.[1]  Pursuant to

---

[1] *See United States v. Robert Powell*, No. 09-CR-189, July 1, 2009 Arraignment and Guilty Plea Transcript: "Between approximately January of 2003 and January 1st, 2007, Judges Cronahan and Civarella accepted a total of more than 2.8 million from Robert Powell, who is an attorney, and . . . was the owner of P.A. Child Care and Western P.A. Child Care and an individual that we referred to as Participant No. 2 . . . Mr. Powell paid the judges approximately $772,500 often disguising the payments as rental fees relating to his boat at the judge's condominium in Jupiter, Florida." This has been referred to in the media as the "Kids for Cash" scandal.

Pennsylvania Supreme Court Order No. 119 DB 2009 dated January 23, 2015, Powell resigned

and was disbarred on consent from the Pennsylvania State Bar retroactive to August 31, 2009 in

connection to his aforementioned guilty plea, as well as two other disciplinary investigations.[2]

5.      Upon information and belief, D&D Funding is a finance company based in

Tallahassee, Florida, and the largest unsecured creditor of Plaintiff.   Upon information and

belief, pursuant to a stock purchase agreement dated October 8, 2018, D&D Funding acquired all

common shares of Plaintiff owned by Slavutsky and subsequently sold those shares to its

affiliate, 399 Park Holdings LLC.   Upon information and belief, and at times relevant herein,

Powell acted as an advisor to and a representative of D&D Funding in connection with the

Landlord Action.

## JURISDICTION AND VENUE

6.      The Third-Party Claims constitute a non-core proceeding over which this Court

has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

7.      Venue lies in this Court pursuant to 28 U.S.C. § 1409(a).

8.      Seyfarth and Berman do not consent to the entry of final orders or judgement by

the Bankruptcy Court.

## FACTS

### Counts I – III
### (Against Slavutsky)

9.      On or about March 13, 2015, Slavutsky retained Seyfarth to provide advice and

counsel to her in connection with the bankruptcy of the Debtor through the execution of an

---

[2] Office of Disciplinary Counsel File No. C3-09-166 (Powell admitted to having violated Pennsylvania Rules of Professional Conduct 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation) and (d) (engaging in conduct that is prejudicial to the administration of justice)) and No. C3-09-780 (Powell admitted to having violated Pennsylvania Rule of Professional Conduct 1.15(e) (failing to promptly deliver to the client or third person any property that the client or third person is entitled to receive)).

engagement letter and agreed to Seyfarth's standard Terms of Engagement (the engagement letter and Terms of Engagement collectively, the "April 2015 Engagement Letter").

10.    Pursuant to the April 2015 Engagement Letter, Slavutsky agreed to "make payments within 30 days of receiving [Seyfarth's] statement" and agreed to "bring the account or the retainer deposit current" in the event of a delinquency. Slavutsky further agreed that, in the event the delinquency continues and she does not arrange satisfactory payment terms, Seyfarth could "withdraw from the representation and pursue collection of [Slavutsky's] account" and Slavutsky "agree[d] to pay the costs of collecting the debt, including court costs, filing fees and a reasonable lawyer's fee."

11.    On May 11, 2016, Slavutsky retained Seyfarth to serve as special litigation counsel for the Debtor in the adversary proceeding *Blue Dog at 399 Inc. v. BP 399 Park Avenue LLC*, Adv. No. 15-01097 (Bankr. S.D.N.Y.) ("Landlord Action"), and agreed to Seyfarth's standard Terms of Engagement (the engagement letter and Terms of Engagement collectively, the "May 2016 Engagement Letter").

12.    Pursuant to the May 2016 Engagement Letter, Slavutsky agreed that "[Seyfarth's] fees for acting as special litigation counsel for Debtor will be paid by Elizabeth Slavutsky personally, not Debtor, and Elizabeth Slavutsky will be liable for any fees or costs incurred in connection with this engagement."

13.    Pursuant to the May 2016 Engagement Letter, Slavutsky agreed to "make payments within 30 days of receiving [Seyfarth's] statement" and agreed to "bring the account or the retainer deposit current" in the event of a delinquency. Slavutsky further agreed that, in the event the delinquency continues and she does not arrange satisfactory payment terms, Seyfarth could "withdraw from the representation and pursue collection of [Slavutsky's] account" and

17

Slavutsky "agree[d] to pay the costs of collecting the debt, including court costs, filing fees and a reasonable lawyer's fee."

14.     Seyfarth duly performed all the services it was required and agreed to perform for Slavutsky and Plaintiff pursuant to the April 2015 Engagement Letter and the May 2016 Engagement Letter (collectively, the "Agreements").

15.     Commencing on about or about March 13, 2015, and continuing to and including July 10, 2017, Seyfarth rendered the legal services for which Slavutsky engaged it on her own behalf and on behalf of Plaintiff in connection with the April 2015 and May 2016 Engagement Letters.   The amount due and owing to Seyfarth from Slavutsky for such legal services is $713,173.30, plus interest.

16.     As Seyfarth rendered legal services to Slavutsky and Plaintiff pursuant to the Agreements, Seyfarth sent Slavutsky monthly invoices itemizing, by timekeeper, the number of hours spent and a description of the work performed.

### Count IV
### (Against All Third-Party Defendants)

17.     Upon information and belief, at times relevant herein, Powell acted as an advisor to Plaintiff and to Slavutsky and, together with Slavutsky, acted as a representative of Plaintiff in connection with the voluntary case under chapter 11 of the Bankruptcy Code commenced on March 24, 2015 by Plaintiff (the "Bankruptcy Action") and in connection with the prosecution and settlement of the Landlord Action.  Upon information and belief, Powell in that capacity and also as an advisor to and a representative of D&D Funding, among other things, participated in decision-making, provided advice and counsel, and facilitated D&D Funding's financing of the litigation against the Landlord.  Upon information and belief, at times relevant herein, Slavutsky, D&D Funding, and Powell owed a duty to Plaintiff by virtue of their relationships and positions

18

with Plaintiff.  By breaching this duty, Slavutsky, D&D Funding, and Powell in whole or in part caused or contributed to any alleged injury incurred by Plaintiff.

18.    On the eve of trial of the Landlord Action, Seyfarth, on behalf of Plaintiff, agreed to mediation before the Hon. James L. Garrity Jr., Southern District of New York Bankruptcy Judge, on February 8 and 10, 2017.  Upon information and belief, at that time, Slavutsky and Powell acted together to represent the interests of Plaintiff in the Landlord Action and the mediation.

19.    On or about February 7, 2017, an in-person meeting was held at Seyfarth's New York offices to discuss, among other things, the mediation and strategies for settling the Landlord Action.  Slavutsky and Powell attended on behalf of Plaintiff.  Plaintiff's focus was, as it had been throughout the litigation, being reinstated into possession of the subject premises so it could open for business.  Indeed, prior to agreeing to mediation, Seyfarth, on behalf of Plaintiff, obtained a representation from Landlord that any settlement offer would start by restoring Plaintiff to the leased premises and reinstating its lease with Landlord for a term that was no less than that which remained as of February 28, 2015, the date that Plaintiff attempted to open for business.  The Landlord's representation to Seyfarth was discussed at the pre-mediation meeting at Seyfarth's offices attended by Slavutsky and Powell.

20.    In the course of the mediation, attended by Slavutsky, Seyfarth obtained further concessions from the Landlord—most of which could not have been obtained through trial— leading to what seemed to be an agreement by all parties to the terms of a new lease at the conclusion of the February 10, 2017 mediation session.  Powell did not attend the mediation but, upon information and belief, was located nearby and in contact by phone with Slavutsky during the process.

19

21.    Towards the conclusion of day two of the mediation, Judge Garrity read aloud, and Slavutsky, for the Plaintiff and, upon information and belief, after consulting by phone with Powell, acknowledged, each term of the settlement, and she agreed to all of them.  As a result of Seyfarth's efforts, Plaintiff obtained a new lease that was exceedingly better, and could be monetized far more readily, than the much shorter-term and less advantageous lease Plaintiff might have obtained, if it subjected itself to the risk and cost of trial and ultimately prevailed.

22.    However, following the February 2017 mediation, Slavutsky, and upon information and belief, in consultation with Powell, who was acting in his own interest and in the interest of D&D Funding, repudiated the settlement and subsequently settled with the Landlord on terms less favorable to Plaintiff, contrary to Seyfarth's advice and in detriment to Plaintiff.

23.    Defendants deny that they breached any duties or obligations to Plaintiff and deny any liability whatsoever to Plaintiff.  If, however, Defendants should be found liable to Plaintiff for any of the matters alleged in the Amended Complaint, then Slavutsky, Powell, and D&D Funding would also be liable to Plaintiff in tort for the same injuries.

## SEYFARTH'S CLAIMS AGAINST SLAVUTSKY

### COUNT I
### (Breach of Contract)

24.    Seyfarth repeats and re-alleges each and every allegation set forth in paragraphs 1-16 of the Third-Party Claims as if fully set forth herein.

25.    Slavutsky and Seyfarth entered into the legally binding Agreements, pursuant to which Slavutsky agreed to pay Seyfarth at specific hourly rates for the legal services rendered by Seyfarth, and promised further to pay all disbursements incurred on Slavutsky's behalf.

26.    In exchange, Seyfarth agreed to, and did, render legal services and incur out of pocket expenses on Slavutsky's behalf and on behalf of Plaintiff.

20

27.     Slavutsky has breached the Agreements with Seyfarth by failing to pay Seyfarth for legal services rendered to and disbursements incurred on behalf of Slavutsky and Plaintiff.

28.     By reason of the foregoing, Seyfarth has suffered monetary damages in the amount of at least $713,173.30, together with interest thereon.

29.     Seyfarth is also entitled, pursuant to the Agreements, to recover from Slavutsky the costs of collecting this debt, including court costs, filing fees, and a reasonable lawyer's fee, in an amount to be determined at trial.

**COUNT II**
**(Account Stated)**

30.     Seyfarth repeats and re-alleges each and every allegation set forth in paragraphs 1-16 of the Third-Party Claims as if fully set forth herein.

31.     From December 22, 2016 through November 20, 2017, Seyfarth has periodically remitted to Slavutsky invoices setting forth Seyfarth's charges for the legal services rendered and disbursements incurred by Seyfarth on Slavutsky's behalf and on behalf of Plaintiff pursuant to the Agreements through October 31, 2017.

32.     Slavutsky accepted and retained the invoices, never disputed the invoices' legitimacy or accuracy of the amounts stated to be due and owing, has made repeated promises to pay such invoices in full, and has made partial payments thereon.

33.     To date, Slavutsky has failed to make full and complete payment in satisfaction of the invoices, and $713,173.30, with interest, remains outstanding to Seyfarth.

34.     By reason of the foregoing, an account has been stated between Seyfarth and Slavutsky for the amount of at least $713,173.30, together with interest thereon.

21

ny-1735402

35.     Seyfarth is also entitled, pursuant to the Agreements, to recover from Slavutsky the costs of collecting this debt, including court costs, filing fees, and a reasonable lawyer's fee, in an amount to be determined at trial.

## COUNT III
### (Quantum Meruit)

36.     Seyfarth repeats and re-alleges each and every allegation set forth in paragraphs 1-16 of the Third-Party Claims as if fully set forth herein.

37.     Pursuant to the Agreements, Seyfarth performed substantial and valuable services on Slavutsky's behalf and expected compensation therefor.

38.     Slavutsky accepted all of the services rendered by Seyfarth on her behalf.

39.     The fair and reasonable value of legal services rendered and disbursements incurred by Seyfarth on Slavutsky's behalf, without objection, for which Seyfarth has not been paid, is not less than $713,173.30, together with interest.

40.     By reason of the foregoing, Seyfarth is entitled to quantum meruit recovery in an amount to be determined by the trier of fact, but not less than $713,173.30, together with interest thereon.

## DEFENDANTS' CLAIM AGAINST ALL THIRD-PARTY DEFENDANTS

## COUNT IV
### (Contribution)

41.     Defendants repeat and re-allege each and every allegation set forth in paragraphs 1-8 and 17-23 of the Third-Party Claims as if fully set forth herein.

42.     Defendants deny that they are liable to Plaintiff in any respect.  This Third-Party Claim is not, and shall not in any respect be deemed, an admission of any liability of Defendants to Plaintiff, nor is it in any respect an admission of the truth or legal sufficiency of any

allegations in the Amended Complaint.  It is made in the alternative, and without prejudice, to Defendants' past and future denials of, and defenses to, the allegations in the Amended Complaint.

43.    In the event that Defendants are held liable to Plaintiff for all or part of Plaintiff's claims alleged against Defendants, Defendants are entitled to contribution from Slavutsky, Powell, and D&D Funding in any amount that Defendants may be required to pay as a result of the wrongful acts as alleged in the Amended Complaint, based on the relative degrees of fault.

44.    Defendants respectfully seek litigation of proportionate fault within the trial and adjudication of this action.

WHEREFORE, Defendants pray that the Court enter judgment in their favor against the Third-Party Defendants:

A.    On Count I, awarding Seyfarth damages in an amount to be determined at trial, but reasonably believed to be not less than $713,173.30, together with interest and costs, including court costs, filing fees, and a reasonable lawyer's fee;

B.    On Count II, awarding Seyfarth damages in an amount to be determined at trial, but reasonably believed to be not less than $713,173.30, together with interest and costs, including court costs, filing fees, and a reasonable lawyer's fee;

C.    On Count III, awarding Seyfarth damages in an amount to be determined at trial, but reasonably believed to be not less than $713,173.30, together with interest and costs, including court costs, filing fees, and a reasonable lawyer's fee;

D.    On Count IV, in the event the Court does not dismiss the claims against Defendants with prejudice, granting contribution in favor of Defendants and against Slavutsky, Powell, and D&D Funding in an amount to be determined; and

E.    Awarding such other relief as the Court deems just and proper.

Dated:    September 3, 2019                    Respectfully submitted,
          New York, New York

                                              MORRISON & FOERSTER LLP


                                              /s/ Joel C. Haims

                                              Joel C. Haims
                                              James M. Peck
                                              Erica J. Richards
                                              Andreea R. Vasiliu
                                              Yukiu Monica Chan
                                              250 West 55th Street
                                              New York, New York 10019-9601
                                              Telephone:  (212) 468-8000
                                              Facsimile:  (212) 468-7900
                                              Email: JHaims@mofo.com
                                                     JPeck@mofo.com
                                                     ERichards@mofo.com
                                                     AVasiliu@mofo.com
                                                     MonicaChan@mofo.com

                                              *Counsel to the Defendants
                                              and Third-Party Plaintiffs*

ny-1735402