UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>BLUE DOG AT 399 INC.,<br><br>　　　　　　　　　　　　　　Debtor. | Chapter 11<br><br>Case No. 15-10694 (MEW) |
| BLUE DOG AT 399 INC.,<br><br>　　　　　　　　　　　　　　Plaintiff,<br><br>　　　　-against-<br><br>SEYFARTH SHAW, LLP and<br>RALPH BERMAN,<br><br>　　　　　　　　　　　　　　Defendants. | Adv. Proc. No. 19-01029 |
| SEYFARTH SHAW, LLP and<br>RALPH BERMAN,<br><br>　　　　　　　　　　　　Third-Party Plaintiffs,<br><br>　　　　-against-<br><br>ELIZABETH SLAVUTSKY, ROBERT POWELL,<br>and D&D FUNDING II, LLC,<br><br>　　　　　　　　　　　　Third-Party Defendants. | |

**MOTION OF THIRD-PARTY DEFENDANTS ROBERT POWELL AND
D&D FUNDING, II, LLC, TO DISMISS THIRD PARTY COMPLAINT
PURSUANT TO RULE 12(b)(6)**

Third-party Defendants Robert Powell ("Mr. Powell") and D&D Funding II, LLC ("D&D",

and, collectively with Mr. Powell, the "Movants"), move this Court to dismiss the Third Party

Complaint filed by Seyfarth Shaw, LLP and Ralph Berman (collectively, "Seyfarth") pursuant to

Fed.R.Civ.P 12(b)(6), as made applicable to this action by Fed.R.Bankr.P. 7012, and respectfully state as follows:

## I. INTRODUCTION

This action involves a single count of professional liability filed by a Chapter 11 Debtor against its former lawyers, Seyfarth. Specifically, the Amended Adversary Complaint seeks relief for Seyfarth's troubling and repeated failures to comply with the Court's Scheduling Orders, including, *inter alia*, several known deadlines for the disclosure of expert reports and the completion of expert discovery. *Amended Adversary Complaint at ¶¶19-41*. According to the Amended Adversary Complaint, Seyfarth's failures ultimately manifested themselves in the entry of adverse and highly damaging Orders by the Court on December 19, 2016 and January 25, 2017. *Id. at ¶39-41*. Seyfarth's failures to abide by the Court's scheduling deadlines are the factual premise for the Amended Adversary Complaint's First (and only) Claim for Relief. *Id. at ¶66-70*.

In response to the Amended Adversary Complaint, Seyfarth filed a Third-Party Complaint demanding contribution from two individuals who are not lawyers and an entity that is not a law firm. Remarkably, Seyfarth's Third-Party Complaint is woefully devoid of any facts or allegations that the Movants contributed and/or had any involvement in Seyfarth's repeated failures to comply with the Court's deadlines to produce expert reports. Having failed to plead a viable case for contribution on the actual malpractice omissions for which the Debtor seeks relief, the Fourth Count of Seyfarth's Third-Party Complaint pleads purported "facts" that are probative of nothing in this dispute and cannot plausibly be invoked by Seyfarth to evade liability for its professional negligence.

## II. BACKGROUND

**A.    The Debtor's Amended Complaint Asserts a Claim for Professional Negligence Resulting from Seyfarth's Failure to Produce Expert Reports.**

2

1. This Adversary Proceeding involves a single count of professional negligence in the form of legal malpractice, asserted against Seyfarth by the Debtor, Blue Dog at 399 Inc. (the "Debtor"). *See, generally, Amended Complaint, Doc. No. 10.*

2. Specifically, the Debtor asserts that the Debtor and Seyfarth entered into an attorney-client relationship. *Amended Complaint, ¶12.*

3. The Debtor further asserts that Seyfarth committed legal malpractice by repeatedly failing to "comply with the applicable bankruptcy rules, rules of civil procedure, and Court deadlines governing *expert reports* …". *Amended Complaint, at ¶¶ 69 (emphasis added).*

4. The Debtor's Amended Complaint provides in great detail the events and deadlines which Seyfarth failed to comply with regarding the designation and production of required expert reports. As such, it is clear that Seyfarth's repeated omissions with respect to the Court's expert discovery deadlines are at the heart of the negligence claim. *See, Amended Complaint, ¶¶ 19-41.*

5. The described negligent acts all occurred prior to December 19, 2016, and ultimately manifested themselves in the entry of the Court's December 19, 2016 Order and at a January 25, 2017 hearing. *Amended Complaint at ¶¶ 39-41.*

6. The Debtor's professional negligence claims are singularly related to, and arise out of, Seyfarth's alleged negligent acts and/or omissions concerning expert reports, all of which transpired prior to December 19, 2016. *See, generally, Amended Complaint.*

**B.     Seyfarth's Third-Party Complaint for Contribution Fails to Allege that Movants are Attorneys or that Movants Contributed to Seyfarth's Repeated Failure to Produce Expert Reports.**

7. In response to the Debtor's Amended Complaint, Seyfarth filed an Answer and Defense to the Amended Adversary Complaint and Third-Party Claims (the "Third Party Complaint") at Docket No. 23.

3

8. The Third Party Complaint contains four Counts, only the fourth of which, sounding in "Contribution", applies to Movants. *See, generally, Third Party Complaint*.

9. Specifically with respect to the alleged demand for "contribution", Seyfarth asserts the following:

    a. That Movants owed an unarticulated/unspecified "duty" to the Debtor (Third-Party Complaint, ¶17);

    b. That Movants breached the unarticulated/unspecified "duty" (Third-Party Complaint, ¶17);

    c. That in February 2017, Mr. Powell, together with Elizabeth Slavutsky ("Slavutsky"), "[u]pon information and belief … acted … to represent the interests of the [Debtor]" in some undescribed way that clearly was not as attorneys providing legal services, nor could it have been (Third-Party Complaint, ¶18);

    d. That also in February 2017, Mr. Powell attended a meeting on behalf of the Debtor (Third-Party Complaint, ¶19);

    e. That during mediation sessions held in February 2017, "Mr. Powell did not attend the mediation but, upon information and belief, was located nearby and in contact by phone with Slavutsky during the process" (Third-Party Complaint, ¶20);

    f. That during the second day of mediation held in February 2017, "upon information and belief" Slavutsky consulted by phone with Mr. Powell (Third-Party Complaint, ¶21);

    g. That sometime after the February 2017, mediation, Slavutsky "upon information and belief, in consultation with [Mr.] Powell, who was acting in his own interest and in the interest of D&D Funding, repudiated [a] settlement…" (Third-Party Complaint,

4


¶22).

10. All of these alleged facts occurred **after** Seyfarth's repeated failures to comply with the Court's expert discovery deadlines led to the Court's entry of the adverse rulings. Yet, Seyfarth asserts in conclusory fashion, with no factual nexus to the Movants, that if "[Seyfarth] should be found liable to [the Debtor] *for any of the matters alleged in the Amended Complaint*, then Slavutsky, [Mr.] Powell, and D&D Funding would also be liable to [Defendant] in tort *for the same injuries. Third-Party Complaint, ¶23 (emphasis added).*

11. Seyfarth's Amended Complaint simply fails to assert any facts which remotely support a claim for contribution.[1]

12. Specifically, despite asserting a cause of action for legal malpractice, the Third-Party Complaint *does not* allege that Movants are attorneys.

13. Further, despite the alleged malpractice claim in the Amended Adversary Complaint arising out of Seyfarth's sole and repeated failures to timely produce expert reports, the Third-Party Complaint *does no*t allege that Movants caused or contributed to Seyfarth's repeated failures to adhere to the Court's Orders and timely produce expert reports, and, tellingly, *does not* allege that Movants had any involvement whatsoever with any expert reports. *See, generally, Third-Party Complaint.*

14. Moreover, the allegations concerning Movants have no temporal relation to the allegations of Seyfarth's unilateral legal malpractice in the Amended Complaint. Specifically, Seyfarth's negligent acts and omissions, as described in the Amended Complaint, all occurred prior to December 19, 2016. By juxtaposition, the unrelated events concerning the Movants are all alleged to have occurred during February 2017, long after the Court's adverse orders were already

---

[1] While Seyfarth does appear to allege a few immaterial acts by Mr. Powell, Seyfarth fails to allege any particular act (or omission) by D&D at any point in time.

5

entered as sanctions for Seyfarth's prior repeated failures. *See, generally, Third-Party Complaint.*

15. In short, Seyfarth does not allege that the Movants were in any way responsible for the Debtor's impaired ability to present a case at trial as a result of the Orders the Court entered after Seyfarth committed its alleged acts and/or omissions as counsel. *See, generally, Third-Party Complaint.*

### III. ARGUMENT

**A. Legal Standard for a Motion to Dismiss under Rule 12(b)(6).**

16. To survive a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), as made applicable to this action via Fed.R.Bankr.P 7012, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 566 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft,* 566 U.S. at 678 (citing *Twombly,* 550 U.S. at 556). While the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor, it need not credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action …." *Id.* at 678, 681 (citing *Twombly,* 550 U.S. at 555).

17. To decide a motion to dismiss, the court "may consider the facts as asserted within the four corners of the complaint" as well as attached documents and documents that are incorporated by reference. *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.,* 602 F.3d 57, 64 (2d Cir. 2010) (citation omitted). The Court may also consider "matters of which judicial notice may be taken". *Brass v. Am Film Techs., Inc.,* 987 F.2d 142, 150 (2d Cir. 1993).

18. In order to survive a motion to dismiss with respect to a claim for contribution in a

legal malpractice action, the third-party complaint must state "allegations of [legal malpractice] by the defendant and third-party defendant of their respective duties owed to the plaintiff, which contributed to [his] ultimate injuries". *Schonberger v. Serchuk*, 1992 WL 27074, at *4 (S.D.N.Y. Jan. 31, 1992) (bracketed edits appearing in original), *quoting Rosner v. Paley*, 481 N.E.2d 553 (1985).

**B.    Legal Standard for Pleading Legal Malpractice.**

19.    "To state a claim for legal malpractice based on attorney negligence under New York law, a plaintiff must plead an attorney-client relationship, negligence on the part of the attorney that is the proximate cause of the client's injuries, but-for causation and actual damages." *Schonberger*, at *4 (citations omitted).

20.    "Under New York law, a legal malpractice claim consists of four elements: (1) the existence of an attorney-client relationship, (2) negligence by the attorney, (3) proximate cause and, (4) damages." *In re Strata Design Assoc., Inc.,* 326 B.R. 229, 237 (Bankr. S.D.N.Y. 2005).

**C.    Legal Standard for Pleading Contribution.**

21.    New York's contribution law states, "two or more persons who are subject to liability for damages for the <u>same</u> personal injury, injury to property or wrongful death, may claim contribution among them." N.Y. C.P.L.R. 1401 (emphasis added). The law applies not only to joint tortfeasors, but also to concurrent, successive, independent, alternative, and even intentional tortfeasors… For legal malpractice actions, the critical issue is whether the third-party defendant owed a duty to the plaintiff which was breached and which contributed to or aggravated plaintiff's damages." *Prout v. Vladeck*, 334 F. Supp. 3d 599, 605-06 (S.D.N.Y. 2018)*, order amended on reconsideration and dismissal upheld*, 2018 WL 6332898 (S.D.N.Y. Nov. 1, 2018) (internal citations omitted). *See also Bivona v. Danna & Assoc., P.C.*, 123 A.D.3d 956, 958-59 (2d

7

Dep't 2014) ("[I]n determining whether a valid third-party claim for contribution exists, the critical issue is whether the third-party defendant owed a duty to the plaintiff which was breached and which contributed to or aggravated plaintiff's damages.").

**D.   Seyfarth Does Not Plead that Movants had an Attorney-Client Relationship with the Debtor.**

22.   Instead of alleging an attorney-client relationship between the Movants and the Debtor, especially during the time when Seyfarth committed its alleged acts and omissions of legal malpractice, which is required for contribution in a legal malpractice action, Seyfarth makes bald conclusory allegations "upon information and belief" that Mr. Powell was an "advisor" to the Debtor. *See, e.g., Third-Party Complaint, ¶¶ 4, 17.*

23.   Seyfarth further alleges "[u]pon information and belief, Powell in that capacity and also as an advisor to and a representative of D&D Funding, among other things, participated in decision-making, provided advice and counsel, and facilitated D&D Funding's financing of the litigation against the Landlord". *Third-Party Complaint, ¶ 17.*

24.   These allegations by Seyfarth are conclusory and do not state that Powell or D&D Funding acted as a legal representative for Plaintiff, thereby leaving Movants to guess what role they are alleged to have played in the Debtor's legal malpractice damages. *England v. Feldman*, 2011 WL 6348281, at *2 (S.D.N.Y. Dec. 15, 2011) ("Although Third Party Plaintiffs have used Rule 14 correctly, they are still required to plead "sufficient factual matter ... to state a claim to relief that is plausible on its face.") (*citing Iqbal, supra*).

25.   Absent an attorney-client relationship, there is no claim of legal malpractice. *Windsor Metal Fabrications, Ltd. v. Scott & Schechtman*, 286 A.D.2d 732, 733 (2d Dep't 2001) ("We agree with the Supreme Court that [the third-party defendant] is entitled to summary judgment dismissing so much of the third-party complaint as sought contribution based upon

8

19-01029-mew    Doc 28    Filed 09/26/19    Entered 09/26/19 15:37:57    Main Document
Pg 9 of 12


alleged acts of legal malpractice which occurred before his admission to the Bar. There is no cause of action to recover damages for legal malpractice absent an attorney-client relationship, and a layperson is not held to the same standard of skill as a licensed attorney.")

26.  Seyfarth does not plead that Mr. Powell is an attorney and, in fact, goes out of its way to plead that he is not. Seyfarth also does not plead that D&D Funding is a law firm. Seyfarth does not plead that either Mr. Powell or D&D Funding had an attorney-client relationship with the Debtor or had any alleged involvement as attorneys during the time that Seyfarth repeatedly failed to comply with the Court's scheduling deadlines.

27.  Accordingly, Seyfarth has failed to state a claim for contribution from Mr. Powell or D&D Funding for the underlying claim in the Amended Adversary Complaint arising out of Seyfarth's professional negligence.

**D.    Seyfarth Does Not Plead that Movants Caused or Contributed to Seyfarth's Repeated Failures to Produce Expert Reports.**

28.  As discussed above, the Amended Adversary Complaint alleges that Seyfarth failed to timely produce expert reports, and that the failures occurred prior to December 19, 2016.

29.  Each and every alleged act of Movants however is alleged to have occurred at least two months thereafter, in February 2017.

30.  Accordingly, as pled in the Third-Party Complaint, there is no credible argument or inference that Movants could have possibly contributed to Seyfarth's sole acts and/or omissions of malpractice.

31.  Further (even if an attorney-client relationship somehow existed), Seyfarth does not assert that Mr. Powell or D&D Funding had any involvement in the development and production of expert reports.

32.  Likewise, Seyfarth does not plead that Mr. Powell or D&D Funding had a duty to

9

identify experts or obtain expert reports on behalf of the Debtor. These are critical omissions by Seyfarth's Third-Party Complaint.

33. To the contrary, Seyfarth merely makes the bald conclusion that if "[Seyfarth] should be found liable to [the Debtor] *for any of the matters alleged in the Amended Complaint*, then Slavutsky, [Mr.] Powell, and D&D Funding would also be liable to [Defendant] in tort *for the same injuries*". Third-Party Complaint, *¶23 (emphasis added).*

34. In this case, the "matters alleged in the Amended Complaint" are incidents of legal malpractice by Seyfarth's licensed New York attorneys related to repeated failures to produce expert reports, and the injuries that followed resulting from Seyfarth's unilateral acts and/or omissions of legal malpractice.

35. Seyfarth has not pled that Movants were in any way involved with the failure to comply with the Court's Orders produce expert reports. Thus, Seyfarth has clearly failed to state a claim against Movants for contribution with respect to damages arising from Seyfarth's repeated failures to produce expert reports.

### IV. CONCLUSION

36. This action is a single-count action alleging legal malpractice resulting from Seyfarth's sole failure to produce expert reports.

37. In an attempt to evade responsibility, Seyfarth asserted a Third-Party Complaint seeking contribution from non-lawyers who Seyfarth does not assert had any involvement in Seyfarth's professional negligence.

38. Seyfarth does not and cannot plead that Movants are lawyers, had an attorney-client relationship with the Debtor or had any involvement with Seyfarth's repeated expert discovery failures.

39. Despite Seyfarth's conclusory pleading that Movants somehow had an unspecified "duty", breached that unspecified "duty" and are "liable to [the Debtor] in tort for the same injuries", Seyfarth has entirely failed to state a claim against Mr. Powell or D&D.

40. Instead, it appears that Seyfarth filed its Third-Party Complaint for the sole purpose of gratuitously referencing extraneous matters concerning Mr. Powell. Such pursuits however are not a substitute or remedy for failing to properly assert a claim for contribution in a legal malpractice action.

WHEREFORE, Movants, Robert Powell and D&D Funding, LLC, respectfully request the Court to enter an Order dismissing the Third-Party Complaint filed by Seyfarth Shaw, LLP, and Ralph Berman, with prejudice.

Dated: White Plains, New York
September 26, 2019

**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

By: */s/ Sarah H. Morrissey*
Sarah H. Morrissey, Esq.
10 Bank Street, Suite 700
White Plains, New York 10606
Tel: (914) 286-2801
Fax: (914) 949-5424
smorrissey@eckertseamans.com

*Counsel to Third-Party Defendants Robert Powell and D&D Funding II, LLC*

*Of Counsel:*

**ECKERT SEAMANS CHERIN & MELLOTT, LLC**
Daniel B. McLane
Harry A. Readshaw
*600 Grant Street, 44th Floor*
*Pittsburgh, PA  15219*
*Tel: (412) 566-6000*
*dmclane@eckertseamans.com*
*hreadshaw@eckertseamans.com*

11

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion of Third-Party Defendants Robert Powell and D&D Funding, II, LLC to Dismiss the Third Party Complaint filed by Seyfarth Shaw, LLP and Ralph Berman was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the attorneys of record in this case.

Dated: White Plains, New York
September 26, 2019

**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

By: */s/ Sarah H. Morrissey*

Sarah H. Morrissey, Esq.
10 Bank Street, Suite 700
White Plains, New York 10606
Telephone: (914) 286-2801
Facsimile: (914) 949-5424
E-mail: smorrissey@eckertseamans.com