**MORRISON | FOERSTER**

250 WEST 55TH STREET
NEW YORK, NY 10019-9601

TELEPHONE: 212.468.8000
FACSIMILE: 212.468.7900

WWW.MOFO.COM

MORRISON & FOERSTER LLP

BEIJING, BERLIN, BOSTON,
BRUSSELS, DENVER, HONG KONG,
LONDON, LOS ANGELES, NEW YORK,
NORTHERN VIRGINIA, PALO ALTO,
SAN DIEGO, SAN FRANCISCO, SHANGHAI
SINGAPORE, TOKYO, WASHINGTON, D.C.

December 5, 2019

Writer's Direct Contact
+1 (212) 468.8238
JHaims@mofo.com

Via Email (wiles.chambers@nysb.uscourts.gov) and ECF

The Honorable Michael E. Wiles
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

Re:   *Blue Dog at 399 Inc. v. Seyfarth Shaw, LLP and Ralph Berman* (Adv. Proc. No. 19-01029 (MEW))

Dear Judge Wiles:

We represent Defendants and Third-Party Plaintiffs Seyfarth Shaw, LLP and Ralph Berman (collectively, "Seyfarth") in the above-captioned adversary proceeding (the "Action"). We submit this letter to respectfully request a conference with the Court concerning two discovery disputes between Seyfarth and Plaintiff Blue Dog at 399 Inc. ("Blue Dog"). Consistent with Local Rule 7007-1(a), the parties have made a good faith effort to resolve the disputes but it is evident that we have reached an impasse.

   1. **Subpoena to Weinberg Zareh Malkin Price LLP**

The first discovery dispute concerns the third-party subpoena for documents and testimony, dated October 21, 2019 (the "Subpoena"), served by Seyfarth on Weinberg Zareh Malkin Price LLP ("WZMP"). (*See* Ex. A-1.) By letter dated November 18, 2019, counsel for Blue Dog lodged blanket objections to the Subpoena in its entirety, claiming, among other things, that testimony and documents from WZMP are protected from disclosure by the attorney-client privilege and work product doctrine. (*See* Ex. A-3.) Seyfarth and Blue Dog also participated in a telephonic meet-and-confer on the same day to discuss this issue but did not reach agreement. WZMP never responded to the Subpoena, which was returnable on November 21, 2019. Seyfarth assumes that Blue Dog has directed WZMP not to respond.

On November 27, 2019, Seyfarth responded by letter to Blue Dog's objections. (*See* Ex. A-4.) As discussed in more detail in the letter (which Blue Dog still has not responded to as of the date hereof), Blue Dog's position is untenable for several reasons. First, the Subpoena seeks non-

ny-1814890

MORRISON | FOERSTER

Hon. Michael Wiles
December 5, 2019
Page Two

privileged discovery, such as discovery on the circumstances of WZMP's representation of Blue Dog and Omid Zareh's qualifications and experience. Second, to the extent the Subpoena seeks any discovery that would otherwise be subject to the attorney-client privilege, Blue Dog has waived that privilege because Blue Dog has itself put at issue its subsequent counsel WZMP's trial strategy in the Landlord Action and the ultimate settlement negotiated on Blue Dog's behalf by WZMP. (*See* Am. Adv. Compl. ¶¶ 42-48 ("The inability to call expert witnesses left Blue Dog with insurmountable difficulties of proof at the upcoming scheduled trial. . . . These experts were necessary to prove elements of Blue Dog's claims at trial . . . . [B]ecause of Seyfarth's negligence, Blue Dog was left to face the prospect of a trial in which it would be unable to meet its evidentiary burden of proof as to both liability and damages.") and ¶ 56 ("[Blue Dog's] new counsel were able to negotiate a settlement in the Landlord Action . . . .").) Third, to the extent the Subpoena seeks discovery regarding the February 2017 mediation before Judge Garrity, Blue Dog has waived confidentiality by making public the details of the mediation and repeatedly relying on facts from that mediation to support its claims in the Landlord Action and in the spat of adversary complaints it has filed against Seyfarth. There is no valid basis for Blue Dog to prevent WZMP from testifying or producing *any* documents, privileged or non-privileged.[1] The mere fact that WZMP is a law firm does not shield it from discovery.

2. **Discovery from Blue Dog**

The second discovery dispute concerns Blue Dog's responses and objections to Seyfarth's first requests for admission ("RFAs"), first requests for production ("RFPs"), and first set of interrogatories (the "Interrogatories"). (*See* Ex. B-1.) Among other things, Blue Dog has failed to provide responses on multiple RFAs and Interrogatories and has categorically refused to produce documents in response to 15 of Seyfarth's RFPs—including requests for documents concerning Robert Powell and D&D Funding. Seyfarth first raised these deficiencies with Blue Dog by letter dated October 30, 2019. (*See* Ex. B-2.) Since that time, the parties have exchanged multiple email correspondences and participated in a telephonic meet-and-confer on November 18, 2019 in an effort to reach a resolution. (*See* Ex. B-3) While Blue Dog agreed on November 13, 2019 to supplement and revise its responses to the RFAs and RFPs (but which it has not done yet as of the date hereof), it has steadfastly refused to produce documents responsive to the 15 RFPs, including on the basis of attorney-client privilege, without any valid reason to do so. (*See id.*)

In light of the parties' lengthy back-and-forth attempts to resolve these discovery disputes and the fast-approaching February 10, 2020 deadline for the close of fact discovery, Seyfarth

---

[1] Seyfarth is cognizant of the protections of the attorney-client privilege. However, we have made clear to Blue Dog's counsel that Seyfarth does not seek attorney-client privileged materials between WZMP and Blue Dog that are not at issue in this Action, such as any privileged materials in connection with WZMP's representation of Blue Dog in other matters.

ny-1814890

MORRISON | FOERSTER

Hon. Michael Wiles
December 5, 2019
Page Three

respectfully requests a conference with this Court, which may be either in-person or by telephone.

Sincerely,

Joel C. Haims

cc: All Counsel in the Case (via ECF)

ny-1814890