# Exhibit B-1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br>BLUE DOG AT 399 INC.,<br><br>            Debtor. | Chapter 11<br><br>Case No. 15-10694-MEW |
| BLUE DOG AT 399 INC.,<br><br>            Plaintiff,<br><br>-against-<br><br>SEYFARTH SHAW, LLP and RALPH BERMAN,<br><br>            Defendants. | Adv. Pro. No. 19-AP-1029 |

**DEFENDANTS' FIRST SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF**

Pursuant to Federal Rules of Civil Procedure 26 and 34, applicable under Federal Rules of Bankruptcy Procedure 7026 and 7034, the Local Rules of this Court, and subject to the following instructions and definitions, defendants Seyfarth Shaw, LLP and Ralph Berman (together, "Defendants") hereby request that Plaintiff Blue Dog at 399 Inc. produce for inspection and copying at the offices of Morrison & Foerster, 250 West 55th Street, New York, New York 10019, within thirty (30) days of the date of service hereof, the documents requested herein (the "Requests").

**DEFINITIONS**

Defendants hereby incorporate by reference all definitions and rules of construction contained in Local Rule 26.3, as made applicable by Local Bankruptcy Rule 7026, Section 101 of chapter 1 of title 11 of the United States Bankruptcy Code, and the Federal Rules of Civil

ny-1741230

Procedure and supplement those definitions and rules as follows:

1. The term "Action" shall mean the above-captioned adversary proceeding, Adv. No. 19-AP-1029 (Bankr. S.D.N.Y.).

2. The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Requests all responses that might otherwise be construed to be outside of its scope.

3. The term "any" shall mean "any and all" and the term "all" shall mean "any and all."

4. The term "Bankruptcy" shall mean Blue Dog's voluntary petition for relief under chapter 11 of title 11 of the United States Code captioned *In re Blue Dog at 399 Inc.*, Case No. 15-10694 (Bankr. S.D.N.Y.).

5. The term "Berman" shall mean Ralph Berman.

6. The term "communication(s)" shall mean, including its usual and customary meaning, any transmission, conveyance or exchange of a word, statement, fact, thing, idea, document, instruction, information, demand, or question by any medium, whether by written, oral, or other means, including, but not limited to, electronic communications and electronic mail.

7. The term "Complaint" shall mean the amended adversary complaint filed in this Action on June 9, 2019.

8. The term "document(s)" shall have the broadest meaning ascribed to it by Federal Rule of Civil Procedure 34 and Federal Rule of Evidence 1001, and shall include within its meaning any and all papers, videotapes or video recordings, photographs, films, recordings, memoranda, books, records, accounts, letters, telegrams, correspondence, notes of meetings,

notes of conversations, notes of telephone calls, inter-office memoranda or written communications of any nature, text messages, recordings of conversations either in writing or by means of any mechanical or electrical recording device, notes, papers, reports, analyses, invoices, canceled checks or check stubs, receipts, minutes of meetings, time sheets, diaries, desk calendars, ledgers, schedules, licenses, financial statements, telephone bills, logs, and any differing versions of the foregoing whether denominated formal, informal, or otherwise, as well as copies of the foregoing which differ in any way, including handwritten notations or other written or printed matter of any nature, from the original. The foregoing specifically includes the information stored in any form, including electronic form, on a computer or in a computer database or otherwise, including electronic mail.

9. The term "Hare" shall mean Scott M. Hare.

10. The terms "including" and "includes" shall mean including but not by way of limitation.

11. The term "Initial Settlement" shall mean the proposed settlement negotiated during the February 8 and 10, 2017 mediation sessions before Judge James L. Garrity ("Judge Garrity").

12. The term "Landlord Action" shall mean the adversary proceeding titled Blue Dog at 399 Inc. v. BP 399 Park Avenue LLC (In re Blue Dog at 399 Inc.), Adv. No. 15-01097 (Bankr. S.D.N.Y.), brought by Blue Dog against the Landlord.

13. The term "Landlord Settlement" shall mean the settlement agreement between Blue Dog, the Landlord, and Slavutsky, dated as of December 21, 2018 and approved by the Court on January 24, 2019.

14. The term "Landlord" shall mean BP 399 Park Avenue LLC, its present and

former directors, officers, employees, shareholders, owners, parent organization(s), subsidiary organization(s), predecessors in interest, successors in interest, divisions, servants, agents, accountants, attorneys, consultants, partners, associates, investigators, representatives, accountants, financial advisors, independent contractors, and any other person associated or affiliated with it, acting on its behalf, pursuant to its authority or subject to its control.

15. The term "person" or "entity" shall mean any individual, corporation, proprietorship, association, joint venture, company, partnership, or other business or legal entity, including governmental bodies and agencies.

16. The term "Powell" shall mean Robert Powell.

17. The term "Premises" shall mean the commercial premises located on the ground floor at 399 Park Avenue, New York, New York.

18. The terms "relate to," "reflecting," "relating to," "concerning," or any variations thereof, shall mean relating to, referring to, concerning, mentioning, reflecting, regarding, pertaining to, evidencing, involving, describing, discussing, commenting on, embodying, responding to, supporting, contradicting, or constituting (in whole or in part), or are between (as in the context of communications), as the context makes appropriate.

19. The term "Seyfarth" shall mean Seyfarth Shaw, LLP, as well as any of its partners, associates, of counsel, paralegals, employees, staff, agents, attorneys, accountants, consultants, servants, independent contractors, representatives, and any other individual or entity associated or affiliated with it.

20. The term "Slavutsky" shall mean Elizabeth Slavutsky.

21. The term "You," "Your" or "Blue Dog" shall mean Blue Dog at 399 Inc., its present and former directors, officers, authorized representatives, employees, shareholders,

owners, parent organization(s), subsidiary organization(s), predecessors in interest, successors in interest, divisions, servants, agents, accountants, attorneys, consultants, partners, associates, investigators, representatives, accountants, financial advisors, independent contractors, and any other person associated or affiliated with it, acting on its behalf, pursuant to its authority or subject to its control, including but not limited to Slavutsky and Powell.

## **INSTRUCTIONS**

1. Each Request seeks production of all documents described with any attachments, drafts, and non-identical copies in any language whatsoever, in Your actual or constructive possession, custody, or control.

2. Documents and materials attached to or enclosed with other documents are to be produced together.

3. Any document or thing described herein shall be produced as it is maintained in the ordinary course of business, including its original file folder and/or label with all similar markings intact, or shall be organized and labeled to correspond to the individual Requests set forth below.

4. All electronic documents should be produced in native format, with all metadata, including comments, blind copy recipients, all drafts and versions of each document, and inactive backup files.

5. Each page of each document produced shall bear a unique number that includes a prefix or abbreviation identifying the producing party. Documents and information stored by the producing party in hard copy and electronically stored information should, to the extent that it is technically and/or practically feasible, be produced electronically as follows:

   a. Single-page group IV TIFFs in at least 300 dpi;

   b. Searchable text files for each document bearing the name of the beginning

production number for each document (text of native files to be extracted directly from native files where possible; OCR for paper documents); and

    c. Database load files and cross reference files, e.g., Concordance default-delimited file (metadata) and an Opticon-delimited file (image reference files), and including (as available) the following fields: Begno, Endno, Bates Range, Bates Parentid, Attach Begin, Attach End, Page Count, Sent On, To, From/Author, CC, Bcc, Email Sent Time, Email Date Received, Email Time Received, Subject, Custodian, File Name, Document Date (create, modify, last access), File Type, Location, Text Link (path to text), Native Link (path to native file). MS Excel, MS Powerpoint, MS Access and comparable spreadsheet and database files, and audio or video files shall be produced in native format.

6.     If You withhold any information or documents requested herein on grounds of privilege, work-product, attorney-client, or otherwise, identify the specific grounds upon which Your objection is based and the particular Request objected to, and identify any withheld documents or portion(s) thereof as follows:

    a. Date;

    b. Identity of its author and/or signatory;

    c. Type of document (e.g., letter, chart, memorandum, etc.);

    d. Summary of document contents, or the nature of the documents;

    e. Present location and custodian; and

    f. List all persons who are known to or believed to have received copies of it.

Notwithstanding the assertion of an objection, any purportedly privileged document containing non-privileged matter must be disclosed, with the purportedly privileged portion excised.

7. If any document responsive to the Requests was, but is no longer, in Your possession or subject to Your custody or control, state whether it is (a) missing or lost, (b) has been destroyed, (c) has been transferred, voluntarily or involuntarily, to others, or (d) has been disposed of. And in each instance, explain the circumstances surrounding such disposition thereof and state the date or approximate date thereof.

8. If You object to any part of a Request, You shall state fully the nature of the objection. Notwithstanding any objections, You shall nonetheless comply fully with the other parts of the Request not objected to.

9. Each paragraph and subparagraph herein shall be construed independently and not with reference to any other paragraph or subparagraph for the purposes of limitation.

10. Unless specifically defined herein, all words shall be construed and interpreted according to ordinary custom, usage, and meaning. Additionally, the terms "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Requests any documents or facts that might otherwise be construed to be outside their scope.

11. The masculine includes the feminine and vice versa; the singular includes the plural and vice versa; the past tense shall include the present tense and vice versa.

12. To the fullest extent permitted by Fed. R. Civ. P. 26(e), each Request shall be deemed continuing, and You shall be required to provide further and supplemental production if You receive, discover, become aware of, create, or gain possession, custody or control of additional responsive documents subsequent to the date of these Requests.

**DOCUMENT REQUESTS**

1. All documents supporting or otherwise concerning the allegations in the Complaint, including but not limited to all documents reviewed, considered, or relied on in

connection with the drafting of the Complaint or any other complaints filed against Defendants alleging legal malpractice.

2. All documents and communications concerning the engagement of Seyfarth as counsel in the Landlord Action, including but not limited to any engagement letters and communications with any person concerning the payment of legal fees and expenses by Slavutsky on behalf of Blue Dog.

3. All communications between You and any person—including but not limited to Seyfarth, Berman, Slavutsky, and Powell—concerning the Landlord Action, the Bankruptcy, or Seyfarth's representation of Blue Dog or Slavutsky in other matters.

4. All documents and communications concerning payments to Seyfarth for legal services rendered in connection with the Landlord Action, the Bankruptcy, or Seyfarth's representation of Blue Dog or Slavutsky in other matters, including but not limited to invoices, billing statements, proof of payment of invoices, and communications with any person regarding Seyfarth's legal fees.

5. All communications between You and Seyfarth or Berman.

6. All documents provided by You to Seyfarth or Berman in connection with the Landlord Action, the Bankruptcy, or Seyfarth's representation of Blue Dog or Slavutsky in other matters.

7. All documents provided, drafted, edited, or authored by Seyfarth or Berman to You in connection with the Landlord Action, the Bankruptcy, or Seyfarth's representation of Blue Dog or Slavutsky in other matters.

8. All documents and communications concerning expert witnesses in the Landlord Action.

ny-1741230

9. All documents and communications concerning fact witnesses in the Landlord Action.

10. All documents and communications concerning the proof of liability in the Landlord Action.

11. All documents and communications concerning the proof of damages in the Landlord Action.

12. All documents and communications concerning the reinstatement of Blue Dog into possession of the Premises.

13. All documents and communications concerning the February 8-10, 2017 mediation before Judge Garrity and the Initial Settlement, including but not limited to (i) all documents or communications containing any legal, financial or other advice You received in connection thereto; and (ii) all documents or communications showing Your reason(s) for initially accepting and later repudiating the Initial Settlement.

14. All documents and communications concerning the retention of Weinberg Zareh Malkin Price LLP as special litigation counsel for Blue Dog in the Landlord Action, including but not limited to communications with any person concerning the payment of legal fees and expenses by Slavutsky on behalf of Blue Dog and documents concerning the consideration of law firms or counsel other than Weinberg Zareh Malkin Price LLP.

15. All documents and communications concerning the Landlord Settlement, including but not limited to (i) documents You reviewed, considered, or relied on in connection with the drafting, negotiation, or execution of the Landlord Settlement; (ii) communications with any person who facilitated, participated in, advised in, authorized, cleared, approved or otherwise played any part or role in the decision to enter into the Landlord Settlement; and (iii) documents

or communications showing Your reason(s) for entering into the Landlord Settlement.

16. All documents sufficient to identify every person holding an ownership interest in Blue Dog and the amount of such ownership interest.

17. All documents sufficient to identify every secured and unsecured creditor of Blue Dog.

18. All documents and communications concerning any type of legal, business, contractual, custodial, fiduciary, financial or any type of relationship with any person that facilitated, participated in, advised in, authorized, cleared, funded, financed, approved or otherwise played any part or role in the decision to file or maintain this Action against Defendants.

19. All documents concerning any litigation financing agreement or any arrangement whereby any person not party to this Action provided capital, funding, financing or money, or advanced legal fees and expenses to You, in exchange for all or part of any financial recovery from Defendants.

20. All documents concerning the selection and engagement of counsel for Blue Dog in this Action, including but not limited to the consideration of law firms or counsel other than Hare.

21. All documents sufficient to identify any legal, business, familial, contractual, or social relationship between You and Hare, prior to Hare serving as counsel in this Action.

22. All documents sufficient to identify any legal, business, familial, contractual, or social relationship between anyone controlling You, including Powell, and Hare, prior to Hare serving as counsel in this Action.

23. All documents evidencing when You first became aware of the legal malpractice

alleged in the Complaint.

24. All documents and communications You have concerning any legal proceeding involving Powell or any person controlling You, including but not limited to any lawsuit, arbitration, bankruptcy, judgment, award, investigation, or protective order or any proceeding in which Powell or any person controlling You was named as a party, was a witness, was subject to, or otherwise had a financial interest.

25. All communications with 399 Park Holding, LLC.

26. All communications with D&D Funding II, LLC.

27. All communications with Christopher E. Diamantis.

28. All communications with Yuri Hanin.

29. All communications with YUHA Group LLC.

30. All communications with Yes Food LLC.

31. All documents and communications concerning or supporting the allegations in the Complaint on the negligence element of Blue Dog's legal malpractice claim.

32. All documents and communications concerning or supporting the allegations in the Complaint on the causation element of Blue Dog's legal malpractice claim, including but not limited to paragraph 45 of the Complaint stating that, "Had Seyfarth preserved the opportunity for Blue Dog to call expert witnesses at trial, Blue Dog would have been fully able to prove the elements of its liability claims at trial and would have been fully able to prove damages thereon."

33. All documents that support Blue Dog's claim for damages in this Action, including but not limited to any reports, analyses or other records concerning lost profits or the amount of loss allegedly incurred by Blue Dog.

34. All documents that may be or have been provided to any expert witness that Blue

- 11 -

Dog expects to use or rely on in this Action, including but not limited to documents that form the basis of the expert's opinion.

35. All documents that Blue Dog may offer at trial in this Action.

| | |
|---|---|
| Dated: New York, New York<br>September 3, 2019 | By: /s/ Joel Haims<br><br>MORRISON & FOERSTER LLP<br><br>Joel Haims<br>Andreea Vasiliu<br>Yukiu Monica Chan<br>250 West 55th Street<br>New York, NY 10019<br>Telephone: (212) 468-8000<br>JHaims@mofo.com<br>AVasiliu@mofo.com<br>MonicaChan@mofo.com<br><br>*Attorneys for Defendants* |

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document, **DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF**, has been sent by email on this 3rd day of September, 2019, to:

Scott M. Hare
1806 Frick Building
437 Grant Street
Pittsburgh, PA 15219
scott@scottlawpgh.com

*Counsel for Plaintiff*

Dated:   September 3, 2019          By:   /s/ Joel Haims
                                          Joel Haims
                                          250 West 55th Street
                                          New York, New York 10019-9601
                                          Phone: (212) 468-8000
                                          JHaims@mofo.com

                                          *Attorneys for Defendants*

ny-1741230