# Exhibit B-2

**MORRISON | FOERSTER**

250 WEST 55TH STREET
NEW YORK, NY 10019-9601

TELEPHONE: 212.468.8000
FACSIMILE: 212.468.7900

WWW.MOFO.COM

MORRISON FOERSTER LLP

BEIJING, BERLIN, BOSTON, BRUSSELS,
DENVER, HONG KONG, LONDON,
LOS ANGELES, NEW YORK,
NORTHERN VIRGINIA, PALO ALTO,
SAN DIEGO, SAN FRANCISCO, SHANGHA
SINGAPORE, TOKYO, WASHINGTON, D.

October 30, 2019

Writer's Direct Contact
+1 (212) 468-8238
jhaims@mofo.com

By email (SHare@wtplaw.com)

Scott M. Hare
Whiteford, Taylor & Preston LLP
200 First Avenue, Floor 3
Pittsburgh, PA 15222

Re:    *Blue Dog at 399 Inc. v. Seyfarth Shaw, LLP*, Adv. Pro. No. 19-AP-1029

Mr. Hare,

We are in receipt of Blue Dog at 399 Inc.'s ("Blue Dog") written responses and objections to Defendants' first requests for admission ("RFAs"), first requests for production ("RFPs"), and first set of interrogatories (the "Interrogatories") (collectively, "Discovery Responses"). In violation of its obligations under the Federal Rule of Civil Procedure ("Federal Rule(s)") and the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule(s)"), Blue Dog has failed to provide responses to multiple RFAs and Interrogatories and has objected to almost half of the RFPs on the basis of, among other things, attorney-client privilege, without any valid reason to do so. Under Federal Rule 37(a)(4), "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond," and such failure can subject Blue Dog to sanctions under Federal Rule 37(d)(1)(A)(ii).

Pursuant to Judge Wiles' Chambers Rules and the Bankruptcy Court's Local Rule 7007-1(a), the parties must meet and confer prior to filing a discovery motion before the Court. We ask that Blue Dog amend its Discovery Responses, and this letter constitutes the first step in the meet-and-confer.[1] We are available to discuss further on a mutually convenient date.

\* \* \*

As an initial matter, Blue Dog's Discovery Responses incorrectly and repeatedly objected to Defendants' requests on the ground that Defendants seek documents or information not "reasonably calculated to lead to the discovery of admissible evidence." These objections rely on stale language from Federal Rule 26 that was removed in 2015. Under the current Federal Rule 26, parties may obtain discovery "regarding any non-privileged matter that is

---

[1] This letter is made without prejudice to Defendants' right to raise further issues and objections with respect to Blue Dog's amended discovery responses and objections, if any, and document production(s).

ny-1780549

**MORRISON** | **FOERSTER**

Scott M. Hare
October 30, 2019
Page Two

relevant to any party's claim or defense and proportional to the needs of the case[.]"  Indeed, "it is well established that relevance for the purpose of discovery is broader in scope than relevance for the purpose of the trial itself."  *Vaigasi v. Solow Mgmt. Corp.*, No. 11CIV5088RMBHBP, 2016 WL 616386, at *11 (S.D.N.Y. Feb. 16, 2016) (collecting cases) (internal quotation marks and citations omitted).  Under any standard—and certainly under the current standard—Defendants are clearly entitled to the discovery sought because the discovery requests all go directly to either Blue Dog's claims against Defendants, or to issues related to Defendants' defenses in the above-captioned proceeding (this "Action").

**Requests for Admission**

Federal Rule 36(a)(4) and Bankruptcy Rule 7036 provide that "[i]f a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it."  Blue Dog has failed to do so for RFAs 23, 31, and 32.

> RFA 23 seeks an admission "that Slavutsky . . . instructed Plaintiff's bankruptcy counsel, without Seyfarth's knowledge, to present a revised settlement proposal to landlord's counsel that was inconsistent with Seyfarth's advice and prior proceedings."  Blue Dog has not responded directly to RFA 23.  Instead, Blue Dog tiptoed around the RFA and admitted only that "Slavutsky sought advice from [John] Giampolo . . . regarding the settlement talks" and "Seyfarth partner Adrian Zuckerman was angered to learn that Slavutsky was talking with Seyfarth's co-counsel of record, and confronted Slavutsky to ask why she was doing so."

> RFAs 31 and 32 seek admissions that Powell "helped draft . . . or otherwise played a role in drafting the Initial Complaints" (RFA 31), and "reviewed a draft of the Initial Complaints before filing" (RFA 32).  Blue Dog is required to either admit, specifically deny, or state in detail why it cannot truthfully do either.  It has not done so beyond making formulaic objections.[2]

Pursuant to Federal Rules 36(a)(3) and (a)(4), unless Blue Dog serves amended responses and objections to the RFAs, Blue Dog will be deemed to have admitted RFAs 23, 31, and 32.

---

[2] We note that while it refuses to provide any response to RFAs 31 and 32, Blue Dog takes the contrary position with respect to Interrogatory 1 and identifies Robert Powell as an individual who "provided factual information for use in the pleadings."

2

MORRISON | FOERSTER

Scott M. Hare
October 30, 2019
Page Three

**Requests for Production**

Second, Blue Dog has no legitimate basis to withhold as attorney-client privileged documents responsive to RFPs 14, 16 through 22, and 24 through 30.

RFP 14 seeks "[a]ll documents and communications concerning the retention of Weinberg Zareh Malkin Price LLP as special litigation counsel for Blue Dog in the Landlord Action," such as "communications with any person concerning the payment of legal fees and expenses by Slavutsky on behalf of Blue Dog and documents concerning the consideration of law firms or counsel other than Weinberg Zareh Malkin Price LLP." Blue Dog has put at issue: (1) the settlement negotiated by its subsequent counsel, Weinberg Zareh Malk Price LLP ("Weinberg Zareh"), versus the settlement negotiated by Seyfarth (the "Proposed Settlement"), and (2) the claim that the missed expert deadlines impaired its ability to adequately prove its case at trial and negotiate a better settlement. (*See, e.g.*, Dkt. 10 (Amended Complaint) at ¶¶ 42-48, 55, 62-63.) As such, Defendants are at a minimum entitled to discovery on how Blue Dog came to retain Weinberg Zareh and Blue Dog's communications with Weinberg Zareh concerning, among other things, the Proposed Settlement and their preparation in contemplation of trial.

RFPs 16 through 19 and 24 seek documents regarding persons with whom Blue Dog never had—nor can ever have[3]—any attorney-client relationship (*e.g.*, Powell and Blue Dog's creditors):

> RFP 16 seeks "[a]ll documents sufficient to identify every person holding an ownership interest in Blue Dog and the amount of such ownership interest";

> RFP 17 seeks "[a]ll documents sufficient to identify every secured and unsecured creditor of Blue Dog";

> RFP 18 seeks "[a]ll documents concerning any type of . . . relationship with any person that . . . played any part of role in the decision to file or maintain this Action against Defendants";

> RFP 19 seeks "[a]ll documents concerning any . . . arrangement whereby any person . . . provided capital . . . in exchange for all or part of any financial recovery from Defendants"; and

---

[3] As Powell vociferously repeated in third-party defendants D&D Funding II, LLC ("D&D Funding") and Powell's motion to dismiss, he is not a lawyer and D&D Funding is not a law firm. (*See, e.g.*, Dkt. 28 at 2-4, 10.) Defendants are well aware that Powell is a disbarred lawyer who cannot practice law. (*See* Dkt. 23 (Answer and Third-Party Claims) at 15-16.) Accordingly, there is no conceivable basis to claim attorney-client privilege over Blue Dog's documents and communications with Powell.

3

**MORRISON | FOERSTER**

Scott M. Hare
October 30, 2019
Page Four

    RFP 24 seeks "[a]ll documents and communications . . . concerning
any legal proceeding involving Powell or any person controlling [Blue Dog]."

Similarly, RFPs 25 through 30 seek communications with third parties with whom neither
you nor Blue Dog has or had an attorney-client relationship, including litigation funders and
persons that are or have been adverse in interest to Blue Dog, such as 399 Park Holding,
LLC (RFP 25), D&D Funding (RFP 26), Christopher E. Diamantis (RFP 27), Yuri Hanin
(RFP 28), YUHA Group LLC (RFP 29), and Yes Food LLC (RFP 30).  Accordingly,
Defendants are entitled to documents responsive to RFPs 16 through 19 and 24 through 30
because they are not privileged.  Moreover, these documents are particularly relevant
because they involved persons who has or had the opportunity and power to influence Blue
Dog's decisions concerning Seyfarth's representation of Blue Dog in the Landlord Action,
including but not limited to Blue Dog's decision to repudiate the Proposed Settlement.

RFPs 20 through 22 seek documents regarding you, Blue Dog's counsel in this Action.
These documents are relevant for Defendants' defenses and third-party claims against Powell
and D&D Funding.  To the extent that Blue Dog has misconstrued these requests in refusing
to provide responsive documents, we clarify that these requests do not seek any privileged
information between you and Blue Dog.  Rather, these requests seek non-privileged, factual
information:

    RFP 20 seeks "[a]ll documents concerning the selection and
engagement of counsel for Blue Dog in this action";

    RFP 21 seeks "[a]ll document sufficient to identify any . . .
relationship between [Blue Dog] and Hare"; and

    RFP 22 seeks "[a]ll documents sufficient to identify any . . .
relationship between anyone controlling [Blue Dog] and Hare . . . prior to
Hare serving as counsel in this Action."

Blue Dog must provide amended responses and objections to Defendants' RFPs and produce
all responsive documents, including documents responsive to RFPs 14, 16 through 22, and
24 through 30.

**Interrogatories**

Third, Blue Dog failed to respond to Interrogatories 4 and 13.  Instead, Blue Dog only made
formulaic objections.

    Interrogatory 4 asks Blue Dog to "[i]dentify and explain the role of
each person who has . . . played any part or role in the decision to select and
engage Hare as counsel for Blue Dog in this Action."

ny-1780549

**MORRISON | FOERSTER**

Scott M. Hare
October 30, 2019
Page Five

   Interrogatory 13 asks Blue Dog to "[i]dentify and explain the role of
each person who has . . . played any part or role in the decision to select and
engage Weinberg Zareh Malkin Price LLP as special litigation counsel for
Blue Dog in the Landlord Action."

Blue Dog provided responses to Interrogatories 7, 8, 10, and 15, which similarly ask Blue
Dog to identify certain individuals and explain their roles. Blue Dog's conspicuous failure to
do so for Interrogatories 4 and 13 is not justified. As discussed, the requested information is
relevant for Defendants' defenses and third-party claims and because Blue Dog itself has put
at issue the involvement of and settlement reached by its subsequent counsel.

Additionally, pursuant to Federal Rule 33(b)(5), "[t]he person who makes the answers must
sign [the Interrogatories]." We have received no such verification.

Blue Dog must provide complete written responses to Interrogatories 4 and 13 and verify its
amended responses and objections to Defendants' Interrogatories.

        * * *

As noted above, we are available to meet and confer on these issues.

Respectfully,

Joel C. Haims

5

ny-1780549