# Exhibit B-3

| | |
|---|---|
| **From:** | Vasiliu, Andreea R. |
| **Sent:** | Friday, November 15, 2019 2:46 PM |
| **To:** | Hare, Scott M. |
| **Cc:** | Murray, Cara C.; Melanie L. Cyganowski; Chan, Monica; Haims, Joel C. |
| **Subject:** | RE: Blue Dog at 399 Inc. v. Seyfarth Shaw, LLP and Ralph Berman (Adv. Proc. No. 19-01029 (MEW)) |

Scott:

Our responses to the points raised in your email are below. We can discuss on Monday's call or we can find another mutually convenient time after we see your revised written responses.

**RFP 14, 20; Interrogatories 4 and 13**
As explained on page three of our October 30 letter, the process by which Blue Dog came to retain Weinberg Zareh is relevant because Blue Dog has put at issue (i) the relative merits of the two settlements, and (ii) the claim that the missed expert deadlines impaired its ability to adequately prove its case at trial and negotiate a better settlement. Documents concerning Weinberg Zareh and its retention, qualifications, and experience are relevant to assess, at a minimum, whether subsequent counsel was retained for the purpose of litigating the Landlord Action at trial or reaching a settlement with the Landlord—which in turn go to the causation element of the malpractice claim. Defendants are also entitled to discovery related to any work done to prepare for trial or to analyze subsequent settlement prospects. Any claim of privilege on these issues has clearly been waived by the allegations in the complaint.

In addition, Defendants' position is that Robert Powell saw an opportunity in Seyfarth's purportedly missed expert deadlines and concocted a plan to enrich himself to Blue Dog's detriment by, among other things, rejecting a highly favorable settlement negotiated by Seyfarth, taking control of Blue Dog and ensuring that it never operated, accepting an unfavorable settlement, and bringing the malpractice claim, which is the Debtor's only asset ("Powell's Plan"). If true, these actions break the causal nexus between Seyfarth's alleged negligence and Blue Dog's alleged injury, and Seyfarth is entitled to discovery regarding Powell's role during that time period.

**RFP 16-19**
These requests, which seek to identify persons with an ownership interest in Blue Dog, creditors of Blue Dog, and persons who provided funding to Blue Dog, are relevant to Powell's Plan and/or any other person's interference with Seyfarth's attorney-client relationship with Blue Dog and the proposed settlement, and thus, also go to causation. Defendants are further entitled to determine whether other persons may have discoverable evidence.

**RFP 21-22**
Blue Dog's relationship with you and your selection as counsel to prosecute the malpractice case is also relevant to causation and to Powell's Plan. Clearly we are not seeking privileged information between you and your client regarding this case.

**RFP 24**
Allegations concerning Powell's criminal past are not misbegotten. Powell's role and relationship with Blue Dog are relevant to the causation element of the malpractice claim, as described above, and the Court did not hold otherwise when ruling on the motion to dismiss the contribution claim. To the contrary, when ruling on the motion to dismiss, the Court stated "If you discover something in the course of discovery in this case, that supports the idea that there was a

1

duty and that there was a violation of the duty, then you may ask to reinstate that claim." (Nov. 5, 2019 Hearing Transcript, p. 20 lines 10-13)

As to RFPs 25-30 and the Requests for Admission, we will review the revised responses you will provide.

Regards,
Andreea


**ANDREEA VASILIU**
Associate | Morrison & Foerster LLP
250 West 55th Street | New York, NY 10019-9601
P: +1 (212) 336-4095
mofo.com | LinkedIn | Twitter

---

**From:** Hare, Scott M. <SHare@wtplaw.com>
**Sent:** Wednesday, November 13, 2019 10:21 PM
**To:** Chan, Monica <MonicaChan@mofo.com>; Vasiliu, Andreea R. <AVasiliu@mofo.com>; Haims, Joel C. <JHaims@mofo.com>
**Cc:** Murray, Cara C. <CMurray@wtplaw.com>; Melanie L. Cyganowski <mcyganowski@otterbourg.com>
**Subject:** Re: Blue Dog at 399 Inc. v. Seyfarth Shaw, LLP and Ralph Berman (Adv. Proc. No. 19-01029 (MEW))

- External Email -

As promised, I am writing in further response to your discovery letter dated October 30.

At the outset, subject to the further commentary that follows, this will advise that we will provide a supplemental/amended response to your initial written discovery requests as indicated below.

**Requests for Admission**

With regard to our responses to your Request for Admissions Not. 23, 31 and 32, we deny that our responses are evasive or inadequate, and we deny that any response, as originally framed, constitutes an imputed admission. Further, we do not agree that are responses, as originally framed, are unresponsive to the requests. Nonetheless, while reserving the foregoing, we will agree to supplement our initial responses.

**Requests for Production**

RFP 14, 20 (as to choice of counsel)

We invite your explanation as to how requests surrounding Debtor's selection of counsel are relevant or discoverable. As such, we accept your proposal to schedule a meet-and-confer discussion on this topic.

In that regard, we cannot perceive any relevance to the process by which Blue Dog "came to retain Weinberg Zareh" (RFP 14) or me (RFP 20). To the extent you attribute relevance to an analysis of the purported relative merits of the partial settlement terms negotiated by Seyfarth Shaw and the eventual actual settlement negotiated by Weinberg Zareh, accepted by Blue Dog, and approved by the Court after notice to all parties, the appropriate analysis is found in a comparison of the putative settlement terms themselves. Even accepting

2

for argument sake (without conceding) the topics that you say we have "put at issue" on page three of your letter, we cannot understand what difference it makes whether Blue Dog selected its counsel based on a referral or from a yellow pages advertisement or otherwise. But again, perhaps we are overlooking something, and we invite your further explanation.

RFP 16-19

These requests broadly seek documents to identify persons with an ownership interest in Blue Dog, creditors of Blue Dog, and persons who provided funding to Blue Dog. In the first instance, the majority of the information being sought is contained in the bankruptcy schedules, and we direct your attention to the schedules to collect such information. We are unable to perceive any relevance, in this negligence action, to the remaining information sought by these requests. Again, however, allowing that perhaps we are overlooking something, we invite your further explanation.

RFP 24

This request seeks documents relevant only to further misbegotten personal attacks upon Bob Powell. Such documents are not relevant, particularly in light of the Court's ruling dismissing your Third-Party Complaint.

RFP 25-30

We will revise our responses to these requests. In this regard, however, be advised that our attorney-client objections are not limited to attorneys who represent Blue Dog, but encompass all persons subject to applicable common-interest agreements. As such, your interpretation of the privilege assertion is unduly narrow. Nevertheless, we will revise to clarify.

RFP 21-22

These requests seek documents regarding my relationship with Blue Dog and certain other persons described therein. As indicated above, we cannot perceive any relevance to the process by which Blue Dog retained me. Nonetheless, we refer you to the retention application and statement of disinterestedness filed in the bankruptcy case, which fully disclose any relationship or the absence thereof.

**Interrogatories**

Echoing certain of the document requests described above, Int. Nos. 4 and 13 request information surrounding the decision to hire Weinberg Zareh and me as counsel. We incorporate our comments above, and invite further clarification as to the relevant of the requested information.


Cara Murray and I welcome the opportunity to confer with you by phone in an effort to understand more fully your position on the foregoing requests. I suggest that we circulate dates/times tomorrow in order to schedule a follow-up conference call.

Thank you.

**From:** Hare, Scott M.
**Sent:** Wednesday, November 13, 2019 1:56 PM
**To:** Chan, Monica
**Cc:** Murray, Cara C.; Vasiliu, Andreea R.; Haims, Joel C.
**Subject:** RE: Blue Dog at 399 Inc. v. Seyfarth Shaw, LLP and Ralph Berman (Adv. Proc. No. 19-01029 (MEW))

Thank you Monica for your follow-up email. We will be sending you our response later today regarding your discovery letter. Also, we are progressing with the document upload into our platform so we can begin producing responsive documents.

Thanks and talk to you soon.

Best regards, Scott



**Scott M. Hare // *Partner***
200 First Avenue, Floor 3 | Pittsburgh, PA | 15222
**t:** 412.275.2399 | **f:** 412.275.2406
share@wtplaw.com | www.wtplaw.com

 

---

**From:** Chan, Monica <MonicaChan@mofo.com>
**Sent:** Tuesday, November 12, 2019 2:30 PM
**To:** Hare, Scott M. <SHare@wtplaw.com>
**Cc:** Murray, Cara C. <CMurray@wtplaw.com>; Vasiliu, Andreea R. <AVasiliu@mofo.com>; Haims, Joel C. <JHaims@mofo.com>
**Subject:** [EXTERNAL] RE: Blue Dog at 399 Inc. v. Seyfarth Shaw, LLP and Ralph Berman (Adv. Proc. No. 19-01029 (MEW))

Scott,

We sent the attached letter to you almost two weeks ago and have not received any response. Unless we hear back from you, we'll have to assume you have no interest in a meet and confer. We will proceed by requesting a discovery conference with Judge Wiles if we do not hear from you by COB tomorrow.

In any event, we are working on a compressed discovery schedule and need to start seeing documents from Blue Dog. We served the first set of requests for production of documents on Blue Dog more than two months ago, and Blue Dog has still not produced a single document. By contrast, defendants made a substantial production of over 18,000 pages last Monday, and more documents are on the way. Even if there are disputes over certain categories of documents, there must be documents that Blue Dog is indisputably required to produce, and we need to see those documents as soon as possible. If that's not the case, please let us know so we can raise that with Judge Wiles as well.

Regards,
Monica

**MONICA CHAN**
Associate | Morrison & Foerster LLP
250 West 55th Street | New York, NY 10019-9601
**P:** +1 (212) 336-4311

mofo.com [mofo.com] | LinkedIn [linkedin.com] | Twitter [twitter.com]

**From:** Chan, Monica
**Sent:** Wednesday, October 30, 2019 1:34 PM
**To:** 'Hare, Scott M.' <SHare@wtplaw.com>
**Cc:** Murray, Cara C. <CMurray@wtplaw.com>; Vasiliu, Andreea R. <AVasiliu@mofo.com>; Haims, Joel C. <JHaims@mofo.com>
**Subject:** Blue Dog at 399 Inc. v. Seyfarth Shaw, LLP and Ralph Berman (Adv. Proc. No. 19-01029 (MEW))

Counsel:

Please see attached letter.

Regards,
Monica


**MONICA CHAN**
Associate | Morrison & Foerster LLP
250 West 55th Street | New York, NY 10019-9601
**P:** +1 (212) 336-4311
mofo.com [mofo.com] | LinkedIn [linkedin.com] | Twitter [twitter.com]


============================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy [mofo.com].

This transmission contains information from the law firm of Whiteford, Taylor & Preston LLP which may be confidential and/or privileged. The information is intended to be for the exclusive use of the planned recipient. If you are not the intended recipient, be advised that any disclosure, copying, distribution or other use of this information is strictly prohibited. If you have received this transmission in error, please notify the sender immediately.