**MORRISON | FOERSTER**

250 WEST 55TH STREET
NEW YORK, NY 10019-9601

TELEPHONE: 212.468.8000
FACSIMILE: 212.468.7900

WWW.MOFO.COM

MORRISON & FOERSTER LLP

BEIJING, BERLIN, BOSTON,
BRUSSELS, DENVER, HONG KONG,
LONDON, LOS ANGELES, NEW YORK,
NORTHERN VIRGINIA, PALO ALTO,
SAN DIEGO, SAN FRANCISCO, SHANGHAI
SINGAPORE, TOKYO, WASHINGTON, D.C.

January 21, 2020

Writer's Direct Contact
+1 (212) 468.8238
JHaims@mofo.com

Via Email (wiles.chambers@nysb.uscourts.gov) and ECF

The Honorable Michael E. Wiles
U.S. Bankruptcy Court – S.D.N.Y.
One Bowling Green
New York, NY 10004-1408

Re:   *Blue Dog at 399 Inc. v. Seyfarth Shaw, LLP et al.* (Adv. Proc. No. 19-01029 (MEW))

Dear Judge Wiles:

As counsel for Defendants/Third-Party Plaintiffs ("Seyfarth") in the above-captioned adversary proceeding (the "Action"), we respectfully request a conference with the Court regarding the persistent failure of Plaintiff Blue Dog at 399 Inc. ("Blue Dog") to meet its outstanding discovery obligations, which is seriously jeopardizing Seyfarth's ability to defend itself in this Action, with less than three weeks remaining before the close of fact discovery. Consistent with Local Rule 7007-1(a), Seyfarth has made a good faith effort to resolve these disputes.

Since it was served with document requests on Sep. 3, 2019, Blue Dog has made a single production of 3,958 documents on Nov. 26, 2019.[1] Blue Dog initially categorically refused to produce documents in response to 15 of Seyfarth's Requests for Production (RFPs), including documents relating to Robert Powell or Weinberg Zareh Malkin Price LLP ("WZMP"). At a hearing before this Court on Dec. 11, 2019 (the "Dec. Hearing"), Blue Dog agreed to produce within seven days: (1) supplemental responses to nine RFPs (RFPs 17, 17, 19 and 25-30); (2) communications with WZMP, limited to allegations in paragraphs 42 to 56 of the Amended Complaint (*see* Ex. 1, Dkt. No. 42, p. 7, lines 5-7); and (3) a privilege log of documents withheld from production. To date, Blue Dog has not produced additional discovery or the privilege log.[2]

In addition, Blue Dog appears to speak on behalf of a number of relevant third parties from whom Seyfarth has subpoenaed and to date failed to receive documents and testimony, including WZMP, Robert Powell, and Elizabeth Slavutsky. Seyfarth needs and is entitled to discovery from each of these third parties to defend itself against Blue Dog's allegations.

---

[1] In contrast, Seyfarth produced 14,648 documents (192,751 pages) and provided a privilege log, produced Defendant Ralph Berman for a seven-hour deposition on Jan. 15, 2020, scheduled Seyfarth partner Jonathan Wolfert's deposition for Jan. 28, 2020, and worked with Blue Dog to schedule other depositions.
[2] In addition, on Dec. 20, 2019, Seyfarth served a Notice of a Rule 30(b)(6) Deposition to Blue Dog containing topics for examination. Although Seyfarth has requested that Blue Dog definitively identify its Rule 30(b)(6) witness or witnesses and schedule the deposition, Blue Dog still has not done so.

ny-1852066

**MORRISON | FOERSTER**

Hon. Michael Wiles
January 21, 2020
Page Two

***WZMP.*** On Oct. 24, 2019, Seyfarth served a third-party subpoena for documents and testimony on WZMP (the "WZMP Subpoena"), returnable on Nov. 21, 2019. Blue Dog initially objected to the WZMP Subpoena, but at the Dec. Hearing, agreed that WZMP would produce documents and that WZMP partner Omid Zareh would sit for a deposition.[3] (*See* Ex. 1, Dkt. No. 42.) On Dec. 16, 2019, Seyfarth emailed Blue Dog's counsel, Scott Hare, to inquire whether Mr. Zareh was "planning to respond and when, or whether [Seyfarth] need[ed] to move to compel." (*See* Ex. 2, p. 4). Mr. Hare responded that he could not "imagine that it will be necessary to compel anything." (*Id.*) Currently, Mr. Zareh's deposition is scheduled for Feb. 6, 2020, and Seyfarth still has not received a single document in response to the WZMP Subpoena.

***Robert Powell.*** On Nov. 21, 2019, Seyfarth served third-party subpoenas for documents and testimony on Mr. Powell and two of his entities (399 Park Holding, LLC and D&D Funding II, LLC) (the "Powell Subpoenas"), returnable on Dec. 13, 2019. Mr. Powell is an ex-felon and disbarred lawyer who controls Blue Dog's claim against Seyfarth. Plaintiff pushed for Jan. 29, 2020 as a deposition date for Mr. Powell and Seyfarth agreed to consider it if it received documents sufficiently in advance, which it has not. Despite repeated assurances by Blue Dog's counsel that documents are forthcoming, such as, *e.g.*, on Jan. 2, 2020 ("We anticipate producing Powell's documents early next week, together with our privilege log," *see* Ex. 2, p. 1), to date Seyfarth has not received a single document in response to the Powell Subpoenas. Seyfarth also has not received from Blue Dog any communications with Mr. Powell.

***Elizabeth Slavutsky.*** On Nov. 11, 2019, Seyfarth served a subpoena for documents and testimony on Third-Party Defendant Elizabeth Slavutsky (the "Slavutsky Subpoena"), returnable on Dec. 11, 2019. Although Ms. Slavutsky is represented by her own counsel, Blue Dog's counsel has indicated that she will likely serve as Blue Dog's Rule 30(b)(6) witness, suggesting that Blue Dog also controls her as a witness. To date, Ms. Slavutsky has not responded to the Slavutsky Subpoena and a recent email by Seyfarth inquiring about its status has gone unanswered. (*See* Ex. 3.)

In light of Blue Dog's apparent unwillingness and ongoing failure to comply with its discovery obligations and the fast-approaching Feb. 10, 2020 deadline for the close of fact discovery, Seyfarth respectfully requests a conference to discuss these issues and remedial measures, including extending the fact discovery deadline.

Sincerely,

*/s/ Joel C. Haims*

Joel C. Haims

cc: All Counsel in the Action (via ECF)

---

[3] Blue Dog finally sent a draft stipulation regarding the WZMP Subpoena on Jan. 3, 2020 and Seyfarth provided comments on Jan. 10, 2020. No further response has been received from Blue Dog.

ny-1852066