**MORRISON | FOERSTER**

250 WEST 55TH STREET
NEW YORK, NY  10019-9601

TELEPHONE: 212.468.8000
FACSIMILE: 212.468.7900

WWW.MOFO.COM

MORRISON & FOERSTER LLP

BEIJING, BERLIN, BOSTON,
BRUSSELS, DENVER, HONG KONG,
LONDON, LOS ANGELES, NEW YORK,
NORTHERN VIRGINIA, PALO ALTO,
SAN DIEGO, SAN FRANCISCO, SHANGHAI
SINGAPORE, TOKYO, WASHINGTON, D.C.

February 14, 2020

Writer's Direct Contact
+1 (212) 468.8238
JHaims@mofo.com

Via ECF and Email

The Honorable Michael E. Wiles
U.S. Bankruptcy Court – S.D.N.Y.
One Bowling Green
New York, NY 10004-1408

Re:    *Blue Dog at 399 Inc. v. Seyfarth Shaw, LLP et al.* (Adv. Proc. No. 19-01029 (MEW))

Dear Judge Wiles:

Defendants and Third-Party Plaintiffs Seyfarth Shaw, LLP and Ralph Berman (collectively, "Seyfarth" or "Defendants") in the above-captioned adversary proceeding (the "Case") submit this letter in response to the February 10, 2020 letter by Plaintiff Blue Dog at 399 Inc. ("Blue Dog" or "Plaintiff") requesting a pre-motion conference on a proposed motion for partial summary judgment on Plaintiff's claim for negligence and Defendants' affirmative defense of contributory negligence (the "Letter") (Dkt. No. 48). As a threshold matter, Blue Dog's request should be rejected because the Local Rules do not provide for motions for "partial summary judgment." Blue Dog's request is misplaced for several additional reasons.

First, the request is fundamentally premature. Blue Dog's assertion that an "early disposition" on the issue of whether Seyfarth met the applicable standard of care will not "streamline further proceedings." On the contrary, entertaining such a motion for partial summary judgment at this stage will only cause the Court and the parties to expend significant resources briefing and arguing an issue that will not serve to resolve the central and critical issues in this Case, those concerning causation and damages. In other words, to the extent that Blue Dog suffered any damages as a result of the adversary proceeding against Boston Properties (and we submit there is no evidence it did), any such damages were caused by Blue Dog's repudiation of the favorable settlement negotiated in February 2017.

Blue Dog's Letter and reliance on the "record evidence" also ignores the fact that it continues to flout its discovery obligations and has impeded Seyfarth's ability to develop evidence in support of Seyfarth's defenses. Despite repeated empty promises to Seyfarth and the Court, including during discovery conferences on December 11, 2019 and January 28, 2020 and in an Order dated February 4, 2020, Blue Dog has failed to produce a single additional document since November 26, 2019, and important third parties it controls, such as Elizabeth Slavutsky, Omid Zareh and

ny-1867929

MORRISON | FOERSTER

Hon. Michael Wiles
February 14, 2020
Page Two

Robert Powell, have not produced *any* documents, and neither Blue Dog nor any of these third parties have been deposed.  Blue Dog should not be allowed to avail itself of Seyfarth's timely and comprehensive discovery, while continuously denying Seyfarth discovery it needs and is entitled to receive to defend itself.

Blue Dog's claim—that Seyfarth's contributory negligence defense must be dismissed because neither Blue Dog nor Elizabeth Slavutsky purportedly "did anything to frustrate or obstruct Defendants from meeting the expert deadlines"—is also legally and factually wrong.  This Court already rejected the same argument by then-Third-Party Defendant Robert Powell on his motion to dismiss.  *See* Hr'g Tr. at 6:25-7:8 (Nov. 5, 2019) ("The Court:  Why is it necessary that they contribute to the failure to produce expert reports?  Your own authorities say that contribution applies not only to joint tortfeasors, but also to concurrent, successive, independent, alternative, and even intentional tortfeasors as long as it contributes to the same injury . . . it could be a completely different charge.").  *See also Raquet v. Braun*, 659 N.Y.S.2d 237, 240 (1997) ("[C]ontribution is available whether or not the culpable parties are allegedly liable for the injury under the same or different theories, and the remedy may be invoked against concurrent, successive, independent, alternative and even intentional tortfeasors."); *see also In re JMK Constr. Grp., Ltd.*, 441 B.R. 222, 232 (Bankr. S.D.N.Y. 2010) (same).  In any event, Blue Dog's motion is untimely, because the close of fact discovery is more than a month away, and Seyfarth has received only scant documents from Blue Dog and no documents from third parties who are key to its contribution defenses, including Powell and Slavutsky, and no depositions of any Blue Dog witnesses have taken place.

Finally, the premature and unfounded nature of Blue Dog's request is underscored by the fact that it recently informed Seyfarth that it plans to seek leave to file an amended complaint (to re-assert claims already dismissed by the Court), resulting in an absurd situation whereby Blue Dog seeks to move for partial summary judgment on a complaint that it simultaneously is seeking to amend.  Seyfarth will vigorously challenge any such attempted amendment.

For the foregoing reasons, Seyfarth urges the court to reject Plaintiff's attempt to move for partial summary judgment and deny its request for a pre-motion conference.

Sincerely,

*/s/ Joel C. Haims*

Joel C. Haims

cc:  Scott M. Hare (and All Counsel in the Case via ECF)